MICHAEL C. PHILLIPS APC (Bar No. 48473)
  mcp@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
Thirty-First Floor
444 South Flower Street
Los Angeles, California  90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DOES 1 TO 20<br><br>　　　　　Defendant. | CASE NO.  C 07-2721 EDL<br><br>**DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**<br><br>Trial Date:　　　　　None |

　　　　Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "INDEMNITY") for itself and no other hereby responds to the Complaint of Plaintiff THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (hereinafter "PLAINTIFF") as follows:

　　　　1.　　INDEMNITY is not required to admit or deny the allegations found in paragraph 1 of the Complaint.  In any event, if INDEMNITY is required to admit or deny these allegations, INDEMNITY alleges that it has insufficient knowledge on which to base its admission or denial of the allegations in Paragraph 1 and based upon such lack of information denies each and every allegation therein.

　　　　2.　　In answer to Paragraph 2, INDEMNITY admits that it is a corporation.  Except as otherwise expressly admitted, INDEMNITY denies each and every allegation of Paragraph 2 of the Complaint.

3. INDEMNITY has insufficient knowledge on which to base its admission or denial of the allegations in Paragraph 3 and based upon such lack of information denies each and every allegation therein.

## FACTUAL ALLEGATIONS COMMON
## TO ALL CAUSES OF ACTION

4. INDEMNITY has insufficient knowledge on which to base its admission or denial of the allegations in Paragraph 4 and based upon such lack of information denies each and every allegation therein.

5. To the extent the allegations in Paragraph 5 do not contain the complete terms, conditions and exclusions of the Policy, INDEMNITY denies each and every allegation found in Paragraph 5 of the Complaint.

6. In answer to Paragraph 6, INDEMNITY admits that the PLAINTIFF paid valuable consideration for the Policy.

7. INDEMNITY has insufficient knowledge on which to base its admission or denial of the allegations in Paragraph 7 and based upon such lack of information denies each and every allegation therein.

8. INDEMNITY denies each and every allegation found in Paragraph 8 of the Complaint.

9. In answer to Paragraph 9, INDEMNITY admits that in or about August of 2005, INDEMNITY denied the PLAINTIFF'S claim. INDEMNITY admits that it contended and still contends, that the loss and damage resulted from a peril excluded under the terms of the Policy. INDEMNITY denies, however, that the PLAINTIFF'S Complaint alleges all of INDEMNITY'S contentions regarding the denial of the PLAINTIFF'S claim. Except as expressly alleged herein, INDEMNITY has insufficient knowledge on which to base its admission or denial of the remaining allegations in Paragraph 9 and based upon such lack of information denies each and every allegation therein.

10. INDEMNITY has insufficient knowledge on which to base its admission or denial of the allegations in Paragraph 10 and based upon such lack of information denies each and every

allegation therein.

11. INDEMNITY admits the allegation found in Paragraph 11 of the Complaint.

## FIRST CAUSE OF ACTION

### Declaratory Judgment

(Against All Defendants)

12. In answer to Paragraph 12 of the Complaint, INDEMNITY realleges and incorporates each and every admission, denial and allegation set forth in its answers to Paragraphs 1 through 11 of the Complaint as if the same were fully set forth herein.

13. INDEMNITY has insufficient knowledge on which to base its admission or denial of the allegations in Paragraph 13 and based upon such lack of information denies each and every allegation therein.

14. INDEMNITY denies each and every allegation found in Paragraph 14 of the Complaint.

## SECOND CAUSE OF ACTION

### Breach of Contract

(Against All Defendants)

15. In answer to Paragraph 15 of the Complaint, INDEMNITY realleges and incorporates each and every admission, denial and allegation set forth in its answers to Paragraphs 1 through 14 of the Complaint as if the same were fully set forth herein.

16. INDEMNITY denies each and every allegation found in Paragraph 16 of the Complaint.

17. INDEMNITY denies each and every allegation found in Paragraph 17 of the Complaint.

18. INDEMNITY denies each and every allegation found in Paragraph 18 of the Complaint.

19. INDEMNITY denies each and every allegation found in Paragraph 19 of the Complaint.

20. INDEMNITY denies each and every allegation found in Paragraph 20 of the

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

631952.1 5494.127

3

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT

1  Complaint.

2  21.   INDEMNITY denies each and every allegation found in Paragraph 21 of the
3  Complaint.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, INDEMNITY alleges and avers the following:

### FIRST AFFIRMATIVE DEFENSE
### (No Coverage)

22.   Each and every cause of action is barred in that no coverage arises for the loss described in the Complaint based on the terms, conditions and exclusions in the policy at issue.

### SECOND AFFIRMATIVE DEFENSE
### (No Loss)

23.   Each and every cause of action is barred because the PLAINTIFF did not sustain a covered loss as defined in the Policy.

### THIRD AFFIRMATIVE DEFENSE
### (Perils Insured Against)

24.   Each and every cause of action is barred because the damage described in the Complaint was not a result of any of the perils insured against by the policy at issue.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Fulfill Conditions)

25.   PLAINTIFF failed to fulfill all of the terms and conditions required of it under the Policy.

### FIFTH AFFIRMATIVE DEFENSE
### (Consequential Damages Barred)

26.   To the extent that any portion of the PLAINTIFF'S alleged damages are consequential, such damages are barred.

/ / /

/ / /

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

### SIXTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

27. The Complaint and each cause of action purportedly pleaded therein fail to state facts sufficient to constitute a claim against INDEMNITY.

### SEVENTH AFFIRMATIVE DEFENSE

**(Breach of Duty By Plaintiff)**

28. Each and every cause of action is barred in that the PLAINTIFF has failed to fully perform requirements, conditions and obligations either as a condition precedent to coverage under the Policy or as otherwise owed to this answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

**(Estoppel)**

29. Each and every cause of action is barred in that the PLAINTIFF'S Complaint is barred by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

30. INDEMNITY alleges on information and belief, that PLAINTIFF has failed to reasonably mitigate its damages, if any, as alleged in each purported cause of action against this answering Defendant, and therefore, PLAINTIFF'S recovery, if any, must be diminished to the extent that PLAINTIFF could have reasonably mitigated such damages.

### TENTH AFFIRMATIVE DEFENSE

**(Contributory Fault)**

31. Any injuries or damages complained of by PLAINTIFF were proximately caused or contributed to by the negligence of other parties, persons or entities. PLAINTIFF'S recovery is diminished and/or barred to the extent that PLAINTIFF'S damage or injury is attributed to PLAINTIFF'S own conduct.

/ / /

/ / /

/ / /

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Intervening or Superseding Acts of Parties)**

32. PLAINTIFF'S claims are barred in that, if in fact PLAINTIFF was damaged in any manner, said damage, if any was the proximate result of said intervening and superseding actions on the part of other parties and/or persons or entities.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

33. PLAINTIFF assumed the risk of the damages of which it complains, in that, at the time and place mentioned in the Complaint, with knowledge of the danger to which it was exposed, it freely and voluntarily placed itself in a position of danger and exposure to the damages of which it now complains.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Right to Amend)**

34. INDEMNITY reserves the right to amend its Answer to assert additional affirmative defenses and to supplement, alter or change this Answer and defenses upon revelation of more definitive facts by INDEMNITY and upon the undertaking of discovery and investigation in this matter.

**PRAYER FOR RELIEF**

**WHEREFORE**, INDEMNITY prays as follows:

1. That Plaintiff take nothing by way of its Complaint;
2. For costs of suit incurred herein including, and without limitation thereto, attorneys' fees;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3. For such other and further relief as the Court may deem just and proper.

DATED: May ___, 2007                ANDERSON, McPHARLIN & CONNERS LLP


By:  /s/ Michael C. Phillips
    Michael C. Phillips PAC
Attorneys for Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA