MICHAEL C. PHILLIPS APC (Bar No. 48473)
mcp@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
Thirty-First Floor
444 South Flower Street
Los Angeles, California 90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DOES 1 TO 20<br><br>Defendant. | CASE NO. C 07-2721 EDL<br><br>**NOTICE RE DISPUTE RESOLUTION PROCEDURES IN THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>Trial Date: None |

TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:

Pursuant to the Order Setting Initial Case Management Conference and ADR Deadlines, dated May 23, 2007, attached is a copy of the Dispute Resolution Procedures in the Northern District of California.

DATED: May 21, 2007

ANDERSON, McPHARLIN & CONNERS LLP

By: [signature]
Michael C. Phillips APC
Attorneys for Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA




# Dispute Resolution Procedures

in the
Northern District
of California

United States District Court



♻ Printed on recycled paper




# Table of Contents

**Why does the court offer ADR?**.....2
A Message from the Judges of the U.S. District Court

**How can ADR help in my case?**.....4

**Which ADR processes does the court offer?**.....6
Arbitration.....6
Early Neutral Evaluation.....9
Mediation.....12
Settlement Conferences.....14
Other ADR Processes.....16

**Which is the most suitable ADR process for my case?**.....17
Chart.....18

**What else do I need to know?**.....20
Questions and Answers regarding:
The ADR Multi-Option Program
Procedures and timing for referring cases to ADR
Concerns about ADR

**Where can I get more information?**.....24




# Why Does the court offer ADR?

**A Message from the Judges of the U.S. District Court**

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly and efficiently as possible. The cases filed in our court present a wide range of issues and circumstances. No single process can be expected to meet the needs of all of these cases.

While traditional litigation can serve parties' interests well in some situations, many cases have needs that can be better met through other procedures. We offer a wide selection of non-binding alternative dispute resolution (ADR) options–each of which provides different kinds of services–so that parties can use the procedure that best fits the particular circumstances of their case.

As discussed in the following pages, ADR processes can offer numerous advantages over both formal litigation and direct negotiations between the parties. In contrast to formal litigation and direct negotiations, ADR procedures may lead to resolutions that are:

- faster
- less expensive
- more creative
- better tailored to all parties' underlying interests

We urge you to consider using an ADR process in any civil case, at any time. The court's professional ADR staff, which includes attorneys with expertise in ADR procedures, is available to help you select a suitable option or to customize an ADR procedure to meet your needs. Our ADR processes, which are governed by the court's ADR Local Rules, are available in every civil case.

**This handbook informs you about:**

- the benefits of ADR
- available ADR options
- selecting an appropriate ADR process
- procedures in ADR programs

To help ensure that you make informed choices, the court requires, under Civil Local Rule 16, that every attorney and client certify that they have read this handbook and considered the ADR options. Reading this handbook is not a substitute for understanding the ADR Local Rules. Be sure to consult the rules when selecting and participating in an ADR process.

We have committed substantial resources to our ADR programs because we are confident that litigants who use them conscientiously can save significant money and time and will often obtain more satisfying results.

Vaughn R. Walker
Chief Judge
For all the Judges of the Court




## How can ADR help in my case?

Most cases can benefit in some way from ADR. The various ADR processes offer different types of benefits. Each ADR process offers at least some of the following advantages over traditional litigation or direct settlement negotiations.

**Produce more satisfying results**

After litigating a case through trial, even the winners may feel they have lost. The costs and time commitment on both sides may be enormous. Sometimes neither side is satisfied with the result–and any relationship that may have existed between the parties is likely to have been severely strained. On the other hand, ADR may:

- help settle all or part of the dispute much sooner than trial
- permit a mutually acceptable solution that a court would not have the power to order
- save time and money
- preserve ongoing business or personal relationships
- increase satisfaction and thus result in a greater likelihood of a lasting resolution

**Allow more flexibility, control and participation**

In formal litigation, the court is limited in the procedures it must follow and the remedies it may award–and submitting a case to a judge or jury can be extremely risky. ADR processes are more flexible and permit parties to participate more fully and in a wider range of ways. They afford parties more control by providing opportunities to:

- tailor the procedures used to seek a resolution
- broaden the interests taken into consideration
- fashion a business-driven or other creative solution that may not be available from the court
- protect confidentiality
- eliminate the risks of litigation

**Enable a better understanding of the case**

In traditional litigation, sometimes the parties stop communicating directly–and it is only after a significant amount of time and expensive discovery or motions that the parties understand what is really in dispute. ADR can expedite the parties' access to information. It can also improve the quality of justice by helping the parties obtain a better understanding of their case early on. It may:




- provide an opportunity for clients to communicate their views directly and informally
- help parties get to the core of the case and identify the disputed issues
- enhance the parties' understanding of the relevant law and the strengths and weaknesses of their positions
- help parties agree to exchange key information directly

**Improve case management**

Attorneys in litigation sometimes find it difficult, early in the case, to devise a cost-effective case management plan, reach stipulations or narrow the dispute. An ADR neutral can help parties:

- streamline discovery and motions
- narrow the issues in dispute and identify areas of agreement and disagreement
- reach factual and legal stipulations

**Reduce hostility**

Due to its adversarial nature, litigation sometimes increases the level of hostility between sides, which can make communication more difficult and impede chances for settlement. In contrast, a trained ADR neutral can:

- improve the quality and tone of communication between parties
- decrease hostility between clients and between lawyers
- reduce the risk that parties will give up on settlement efforts

**WHEN ADR MAY NOT BE USEFUL**

Although most cases can benefit in some way from ADR, some cases might be better handled without ADR. These include suits in which:

- a party seeks to establish precedent
- a dispositive motion requiring little preparation will probably succeed
- a party needs the protections of formal litigation
- a party prefers that a judge preside over all processes

If your dispute might benefit from one or more of the listed advantages, you should seriously consider trying ADR and give careful thought to selecting the most appropriate process for your case.

# Which ADR processes does the court offer?

## The court sponsors four major ADR processes:

- **Arbitration** (non-binding, or binding if all parties agree)
- **Early Neutral Evaluation**
- **Mediation**
- **Settlement Conferences** conducted by magistrate judges or district judges

Each of these programs is described separately in the next few pages. Please consult the ADR Local Rules for more information. The court's ADR staff will help parties customize an ADR process to meet their needs.

The court also makes available other dispute resolution processes and encourages parties to consider retaining the services of private sector ADR providers as discussed on page 16 and in ADR Local Rule 8-2.

## Arbitration

### Goal

The goal of court-sponsored arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The award (a proposed judgment) in a non-binding arbitration may either:

- become the judgment in the case if all parties accept it, or
- serve as a starting point for settlement discussions

### Process

At the election of the parties, either one arbitrator or a panel of three arbitrators presides at a hearing where the parties present evidence through documents, other exhibits and testimony. The application of the rules of evidence is relaxed somewhat in order to save time and money.

The process includes important, trial-like sources of discipline and creates good opportunities to assess the impact and credibility of key witnesses:

- parties may use subpoenas to compel witnesses to attend or present documents
- witnesses testify under oath, through direct and cross-examination

- the proceedings can be transcribed and testimony could, in some circumstances, be used later at trial for impeachment

Arbitrators apply the law to the facts of the case and issue a non-binding award on the merits. Arbitrators do not "split the difference" and do not conduct mediations or settlement negotiations.

**Preservation of right to trial**

Either party may reject the non-binding award and request a trial *de novo* before the assigned judge, who will not know the content of the arbitration award. If no such demand is filed within the prescribed time, the award becomes the final judgment of the court and is not subject to appellate review. There is no penalty for demanding a trial *de novo* or for failing to obtain a judgment at trial that is more favorable than the arbitration award. Rejecting an arbitration award will not delay the trial date.

Parties may stipulate in advance to waive their right to seek a trial *de novo* and thereby commit themselves to be bound by the arbitration award.

**The neutral(s)**

The court's ADR staff appoints an arbitrator (or, at the parties' option, a panel of three arbitrators) with expertise in the substantive legal area of the lawsuit, who is available and has no apparent conflict of interest. The parties may object to the arbitrator if they perceive a conflict of interest.

All arbitrators on the court's panel have the following qualifications:

- admission to the practice of law for at least ten years
- for at least five years, spent a minimum of 50 percent of professional time litigating or had substantial experience as an ADR neutral
- training by the court

**Attendance**

Insurers of parties are strongly encouraged to attend the arbitration. The following individuals are required to attend:

- clients with knowledge of the facts
- the lead trial attorney for each party
- any witnesses compelled by subpoena

**Confidentiality**

The arbitration award is not admissible at a subsequent trial *de novo*, unless the parties stipulate otherwise. The award itself is sealed upon filing and may not be disclosed to the assigned judge until the court has entered final judgment in the action or the action is otherwise

terminated. Recorded communications made during the arbitration may, for limited purposes, be admissible at a trial *de novo*. See 28 U.S.C. § 657(c)(3).

**Timing**

An arbitration may be requested at any time. The hearing is generally held within 90 days after referral to arbitration. The hearing date is set by the arbitrator(s) after consultation with the parties.

**Written submissions**

The parties exchange and submit written statements to the arbitrator(s) at least 10 days before the arbitration. The statements are not filed with the court

**Appropriate cases/circumstances**

All civil cases are eligible. Cases that do not meet the criteria for permissive referral to arbitration as set forth in 28 U.S.C. § 654 may not be referred to arbitration unless all parties consent in writing. Cases with the following characteristics may be particularly appropriate for arbitration:

- only monetary (and not injunctive) relief is sought
- the complaint alleges personal injury, property damage or breach of contract
- the amount in controversy is less than $150,000
- the case turns on credibility of witnesses
- the case does not present complex or unusual legal issues

**Cost**

There is no charge to the litigants.

**Governing rule**

ADR Local Rule 4.

## Early Neutral Evaluation

### Goal

The goals of Early Neutral Evaluation (ENE) are to:

- enhance direct communication between the parties about their claims and supporting evidence
- provide an assessment of the merits of the case by a neutral expert
- provide a "reality check" for clients and lawyers
- identify and clarify the central issues in dispute
- assist with discovery and motion planning or with an informal exchange of key information
- facilitate settlement discussions, when requested by the parties

ENE aims to position the case for early resolution by settlement, dispositive motion or trial. It may serve as a cost-effective substitute for formal discovery and pretrial motions. Although settlement is not the major goal of ENE, the process can lead to settlement.

### Process

The evaluator, an experienced attorney with expertise in the subject matter of the case, hosts an informal meeting of clients and counsel at which the following occurs:

- each side–through counsel, clients or witnesses–presents the evidence and arguments supporting its case (without regard to the rules of evidence and without direct or cross-examination of witnesses)
- the evaluator identifies areas of agreement, clarifies and focuses the issues and encourages the parties to enter procedural and substantive stipulations
- the evaluator writes an evaluation in private that includes:
    - an estimate, where feasible, of the likelihood of liability and the dollar range of damages
    - an assessment of the relative strengths and weaknesses of each party's case
    - the reasoning that supports these assessments
- the evaluator offers to present the evaluation to the parties, who may then ask either to:
    - hear the evaluation (which must be presented if any party requests it), *or*
    - postpone hearing the evaluation to:
        - engage in settlement discussions facilitated by the evaluator, often in separate meetings with each side, *or*
        - conduct focused discovery or make additional disclosures

- if settlement discussions do not occur or do not resolve the case, the evaluator may:
  - help the parties devise a plan for sharing additional information and/or conducting the key discovery that will expeditiously equip them to enter meaningful settlement discussions or position the case for resolution by motion or trial
  - help the parties realistically assess litigation costs
  - determine whether some form of follow up to the session would contribute to case development or settlement

**Preservation of right to trial**

The evaluator has no power to impose settlement and does not attempt to coerce a party to accept any proposed terms. The parties' formal discovery, disclosure and motion practice rights are fully preserved. The confidential evaluation is non-binding and is not shared with the trial judge. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track.

**The neutral**

The court's ADR staff appoints an ENE evaluator with expertise in the substantive legal area of the lawsuit, who is available and has no apparent conflict of interest. The parties may object to the evaluator if they perceive a conflict of interest.

All evaluators on the court's panel have the following qualifications:

- admission to the practice of law for at least 15 years
- experience with civil litigation in federal court
- expertise in the substantive law of the case
- training by the court

Many evaluators also have received the court's mediation training.

**Attendance**

The following individuals are required to attend in person:

- clients with settlement authority and knowledge of the facts
- the lead trial attorney for each party
- insurers of parties, if their agreement would be necessary to achieve settlement

Requests to permit attendance by phone rather than in person, which will be granted only under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are strongly encouraged to participate actively in the ENE session.

**Confidentiality**

Communications made in connection with an ENE session ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

**Timing**

An ENE session may be requested at any time. The time for holding the ENE session is presumptively within 90 days after the referral to ENE, unless otherwise fixed by the court. The evaluator contacts counsel to schedule an initial telephone conference to set the date, time and location of the ENE session and to discuss how to maximize the utility of ENE.

**Written submissions**

Counsel exchange and submit written statements to the evaluator at least 10 days before the ENE session. ADR Local Rule 5-9 lists special requirements for intellectual property cases. The statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible, if the court has an available evaluator with the appropriate subject matter expertise. Cases with the following characteristics may be particularly appropriate:

- counsel or the parties are far apart on their view of the law and/or value of the case
- the case involves technical or specialized subject matter-and it is important to have a neutral with expertise in that subject
- case planning assistance would be useful
- communication across party lines (about merits or procedure) could be improved
- equitable relief is sought-if parties, with the aid of a neutral expert, might agree on the terms of an injunction or consent decree

**Cost**

The evaluator volunteers preparation time and the first four hours of the ENE session. After four hours of ENE, the evaluator may (1) continue to volunteer his or her time or (2) give the parties the option of concluding the procedure or paying the evaluator for additional time at an hourly rate of $200, to be split among the parties as they determine. The procedure continues only if all parties and the evaluator agree. After eight hours in one or more ENE sessions, if all parties agree, the evaluator may charge his or her hourly rate or such other rate that the parties agree to pay.

**Governing rule**

ADR Local Rule 5.

## Mediation

### Goal

The goal of mediation is to reach a mutually satisfactory agreement resolving all or part of the dispute by carefully exploring not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities.

### Process

Mediation is a flexible, non-binding, confidential process in which a neutral lawyer-mediator facilitates settlement negotiations. The informal session typically begins with presentations of each side's view of the case, through counsel or clients. The mediator, who may meet with the parties in joint and separate sessions, works to:

- improve communication across party lines
- help parties clarify and communicate their interests and those of their opponent
- probe the strengths and weaknesses of each party's legal positions
- identify areas of agreement and help generate options for a mutually agreeable resolution

The mediator generally does not give an overall evaluation of the case. Mediation can extend beyond traditional settlement discussion to broaden the range of resolution options, often by exploring litigants' needs and interests that may be independent of the legal issues in controversy.

### Preservation of right to trial

The mediator has no power to impose settlement and does not attempt to coerce a party to accept any proposed term. The parties' discovery, disclosure and motion practice rights are fully preserved. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track.

### The neutral

The court's ADR staff appoints a mediator who is available and has no apparent conflicts of interest. The parties may object to the mediator if they perceive a conflict of interest. Most mediators on the court's panel are lawyers who have been admitted to practice for at least seven years. The panel also includes a few mediators who have other professional credentials. The court's ADR staff will appoint a non-lawyer mediator only after obtaining the parties' permission. All mediators on the court's panel have the following qualifications:

- experience in communication and negotiation techniques
- knowledge about civil litigation in federal court
- training by the court

**Attendance**

The following individuals are required to attend the mediation session:

- clients with settlement authority and knowledge of the facts
- the lead trial attorney for each party
- insurers of parties, if their agreement would be necessary to achieve a settlement

Requests to permit attendance by phone rather than in person, which will be granted only under extraordinary circumstances, may be made to the ADR Magistrate Judge. Clients are strongly encouraged to participate actively in the mediation.

**Confidentiality**

Communications made in connection with a mediation ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the session, unless otherwise agreed.

**Timing**

A mediation may be requested at any time. The time for holding the mediation is presumptively within 90 days after the referral to mediation, unless otherwise fixed by the court. The mediator contacts counsel to schedule an initial telephone conference to set the date, time and location of the mediation session and to discuss how to maximize the utility of mediation.

**Written submission**

Counsel exchange and submit written statements to the mediator at least 10 days before the mediation. The mediator may request or accept additional confidential statements that are not shared with the other side. These statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible. Cases with the following characteristics may be particularly appropriate:

- the parties desire a business-driven or other creative solution
- the parties may benefit from a continuing business or personal relationship
- multiple parties are involved
- equitable relief is sought-if parties, with the aid of a neutral, might agree on the terms of an injunction or consent decree
- communication appears to be a major barrier to resolving or advancing the case

**Cost**

The mediator volunteers preparation time and the first four hours of the mediation. After four hours of mediation, the mediator may either (1) continue to volunteer his or her time or (2) give the parties the option of concluding the procedure or paying the mediator for additional time at an hourly rate of $200, to be split among the parties as they determine. The mediation continues only if all parties and the mediator agree. After eight hours in one or more mediation

sessions, if all parties agree, the mediator may charge his or her hourly rate or such other rate that the parties agree to pay.

### Governing rule

ADR Local Rule 6.

## Settlement Conferences

### Goal

The goal of a settlement conference is to facilitate the parties' efforts to negotiate a settlement of all or part of the dispute.

### Process

A judicial officer, usually a magistrate judge, helps the parties negotiate. Some settlement judges also use mediation techniques to improve communication among the parties, probe barriers to settlement and assist in formulating resolutions. Settlement judges might articulate views about the merits of the case or the relative strengths and weaknesses of the parties' legal positions. Often settlement judges meet with one side at a time, and some settlement judges rely primarily on meetings with counsel.

### Preservation of right to trial

The settlement judge has no power to impose settlement and does not attempt to coerce a party to accept any proposed terms. The parties may agree to a binding settlement. If no settlement is reached, the case remains on the litigation track. The parties' formal discovery, disclosure and motion practice rights are fully preserved.

### The neutral

A magistrate judge or, in limited circumstances, a district judge conducts the settlement conference. The judge who would preside at trial does not conduct the settlement conference unless the parties stipulate in writing and the judge agrees. Parties may request a specific magistrate judge or rank several magistrate judges in order or preference. The court will attempt to accommodate such preferences.

Magistrate judges have standing orders setting forth their requirements for settlement conferences, including written statements and attendance. Questions about these issues should be directed to the chambers of the assigned magistrate judge.

### Attendance

Settlement judges' standing orders generally require the personal attendance of lead counsel and the parties. This requirement is waived only when it poses a substantial hardship, in which case the absent party is required to be available by telephone. Persons who attend the settlement conference are required to be thoroughly familiar with the case and to have authority to negotiate a settlement.

**Confidentiality**

Communications made in connection with a settlement conference ordinarily may not be disclosed to the assigned judge or to anyone else not involved in the litigation, unless otherwise agreed.

**Timing**

The assigned judge may refer a case to a magistrate judge for a settlement conference at any time. The timing of the settlement conference depends on the schedule of the assigned magistrate judge.

**Written submissions**

Written settlement conference statements, when required, are submitted directly to the settlement judge. The statements are not filed with the court.

**Appropriate cases/circumstances**

All civil cases are eligible. Cases with the following characteristics may be particularly appropriate:

- a client or attorney prefers to appear before a judicial officer
- issues of procedural law are especially important
- a party is not represented by counsel

**Cost**

There is no charge to the litigants.

**Governing rule**

ADR Local Rule 7.

## Other ADR Processes

**Customized ADR Processes**

The court's ADR staff will work with parties to customize an ADR process to meet the needs of their case or to design an ADR process for them. An ADR staff member is available for a telephone conference with all counsel to discuss ADR options. Clients are invited to join such conferences.

**Non-binding Summary Bench or Jury Trial**

The ADR staff can help parties structure a non-binding summary bench or jury trial under

ADR Local Rule 8-1(a). A summary bench or jury trial is a flexible, non-binding process designed to:

- promote settlement in complex, trial-ready cases headed for long trials
- provide an advisory verdict after an abbreviated presentation of evidence
- offer litigants a chance to ask questions and hear the reactions of the judge and/or jury
- trigger settlement negotiations based on the judge's or jury's non-binding verdict and reactions

**Special Masters**

The assigned judge may appoint a special master, whose fee is paid by the parties, to serve a wide variety of functions, including:

- discovery manager
- fact-finder
- host of settlement negotiations
- post-judgment administrator or monitor

**Private ADR Providers**

The court encourages parties to consider private sector ADR providers who offer services including arbitration, mediation, fact-finding, neutral evaluation and private judging. Private providers may be lawyers, law professors, retired judges or other professionals with expertise in dispute resolution techniques. They generally charge a fee.




# Which is the most suitable ADR process for my case?

Each ADR process meets different needs and circumstances. When selecting an ADR process, you should carefully consider the needs of your particular case or situation and identify the goals you hope to achieve through ADR. Then select the ADR process that appears to maximize the potential for achieving your goals.

The chart on the next page may help you select an ADR process. The chart summarizes the court's general observations about the major benefits of ADR and the extent to which the court's four major ADR processes are likely to accomplish them. These are generalizations that the court believes are accurate in many, but not all, cases. The likelihood that a particular ADR process will deliver a benefit depends not only on the type of process, but on numerous other factors including: the style of the neutral; the type and procedural posture of the case; and the parties' and counsel's attitudes and personalities, level of preparation, and experience with the particular ADR process. The court's ADR staff is available to help you select or customize an ADR process to meet your needs.

**What if I don't have a lawyer?**

If you are not represented by a lawyer, the court suggests that you select the option of a magistrate judge settlement conference where your questions and concerns can be addressed directly by a judge who has experience working with unrepresented parties. Volunteer mediators, evaluators, and arbitrators, who take only a few cases each year, sometimes feel uncomfortable working with unrepresented parties, making it more difficult to place your case in these programs and potentially slowing down the process. If you do select mediation, ENE or non-binding arbitration and we are unable to find a suitable neutral, your case will be redirected to a settlement conference with a magistrate judge.

# How likely is each ADR Process to deliver the specific benefit?

● = Very likely ◗ = Somewhat likely ❍ = Unlikely

| | Arbitration | ENE | Mediation | SC |
|---|---|---|---|---|
| **ENHANCE PARTY SATISFACTION** | | | | |
| Help settle all or part of dispute | ❍[1] | ◗[2] | ● | ●[3] |
| Permit creative/business driven solution that court could not offer | ❍ | ◗[2] | ● | ◗[3] |
| Preserve personal or business relationships | ❍[1] | ◗[2] | ● | ◗[3] |
| Increase satisfaction and thus improve chance of lasting solution | ❍[1] | ◗[2] | ● | ◗[3] |
| **ALLOW FLEXIBILITY, CONTROL AND PARTICIPATION** | | | | |
| Broaden the interests taken into consideration | N/A | ◗[2] | ● | ◗[3] |
| Protect confidentiality | ◗[4] | ● | ● | ● |
| Provide trial-like hearing | ● | N/A | N/A | N/A |
| Provide opportunity to appear before judicial officer | N/A | N/A | N/A | ● |
| **IMPROVE CASE MANAGEMENT** | | | | |
| Help parties agree on further conduct of the case | N/A | ● | ◗[5] | ◗[3] |
| Streamline discovery and motions | N/A | ● | ◗ | ◗[3] |
| Narrow issues and identify areas of agreement | N/A | ● | ●[5] | ● |
| Reach stipulations | N/A | ● | ◗[5] | ● |
| **IMPROVE UNDERSTANDING OF CASE** | | | | |
| Help get to core of case and sort out issues in dispute | ◗ | ● | ● | ● |
| Provide neutral evaluation of case | ● | ● | ❍ | ◗[3] |
| Provide expert in subject matter | ◗[6] | ● | ◗[6] | ◗[6] |
| Help parties see strengths and weaknesses of positions | ● | ● | ● | ● |
| Permit direct and informal communication of clients' views | ❍ | ◗ | ● | ❍[3] |
| Provide opportunity to assess witness credibility and performance | ● | ◗[7] | ◗[7] | ❍ |
| Help parties agree to an informal exchange of key information | ❍ | ● | ◗[5] | ◗[3] |
| **REDUCE HOSTILITY** | | | | |
| Improve communications between parties/attorneys | ❍[1] | ● | ● | ◗[3] |
| Decrease hostility | ❍ | ● | ● | ◗[3] |

**Notes**

1. Arbitration may provide this benefit when the award triggers or contributes to settlement discussions.
2. ENE may provide this benefit when the parties use it for settlement discussions. Many of the court's ENE evaluators also have been trained as mediators.
3. Depending on the settlement judge's particular style, a settlement conference may or may not deliver this benefit.
4. The arbitration award may not be disclosed to the assigned trial judge until the action is terminated. Although the award is not admissible at a trial *de novo*, recorded communications made during the arbitration may be admissible for limited purposes.
5. Mediation may deliver this benefit, but it focuses primarily on settlement.
6. Depending on the subject of the dispute, the neutral may have expertise.
7. This benefit may result if the parties participate actively in the joint session.




# What else do I need to know?

## What is the ADR Multi-Option Program?

Most civil cases are assigned to the ADR Multi-Option program governed by ADR Local Rule 3. You will be notified of such assignment on the initial case management scheduling order. In this program, the parties are presumptively required to participate in one non-binding ADR process offered by the court or, with the assigned judge's permission, in an ADR process offered by a private provider.

We encourage you to discuss ADR with the other side and stipulate to an ADR process as early as feasible. If you do not stipulate early, you may be required to participate in a joint telephone conference with an ADR legal staff member to consider suitable ADR options for your case. *See* ADR Local Rule 3-5(c)(2). If you have not stipulated before your case management conference, you will discuss ADR with the judge who may refer you to one of the court's ADR processes.

## What is an ADR Phone Conference and how do I schedule one?

During an ADR Phone Conference, a member of the court's ADR legal staff will help counsel select or customize an ADR process that meets the needs of the parties. Clients are encouraged, but not required, to participate. Generally, if the parties cannot agree on an ADR process, or if they prefer a settlement conference, they must file a Notice of Need for ADR Phone Conference by the date specified in the initial case management scheduling order. *See* ADR Local 3-5(c)(2). Of course, you may contact the ADR Unit to schedule an ADR Phone Conference at any time.

## How do I get my case into an ADR process?

There are two ways cases can enter an ADR process:

**By stipulation/proposed order**

Counsel may file a stipulation and proposed order with the assigned judge. *See* ADR Local Rule 2-3.

**By other order of the court**

The assigned judge may order the case into an ADR program at the request of a party or on the judge's own initiative, subject to the provisions of 28 U.S.C. § 654. *See* ADR Local Rule 2-3.

## When can I get my case into an ADR process?

**At any time**

Counsel, individually or jointly, can request an ADR referral at any time. The court encourages the use of ADR as early as it can be helpful.

**Before the Case Management Conference**

If all parties agree on an ADR process before the initial Case Management Conference, which usually occurs about 90 days after filing, you should submit a stipulation and proposed order identifying the process selected and the time frame you prefer.

**At the Case Management Conference**

If all parties have not yet agreed on an ADR process before the initial case management conference, you will discuss ADR with the judge at the conference. You are asked to state your ADR preferences in the Joint Case Management Statement you file before that conference.

## When is the best time to use ADR and how much discovery should I first complete?

You should consider using ADR early, whether you are seeking assistance with settlement or case management. Conducting full-blown discovery before an ADR session may negate potential cost savings. If you are using ADR for settlement purposes, you should know enough about your case to assess its value and identify its major strengths and weaknesses.

## Will ADR affect the status of my case on the trial track or disclosure and discovery?

Assignment to an ADR process generally does not affect the status of your case in litigation. Disclosure, discovery and motions are not stayed during ADR proceedings unless the court orders otherwise. Judges sometimes postpone case management or status conferences until after the parties have had an ADR session. If your case does not settle through ADR, it remains on the litigation track.

## How might ADR be better than the parties meeting on their own?

**Getting settlement discussions started**

Sometimes advocates are reluctant to initiate settlement discussions. The availability of multiple ADR options and the ADR staff allows a party to explore settlement potential without indicating any litigation weakness.

**Saving time and money**

For various reasons, direct settlement discussions often do not occur until late in the lawsuit after much time and money have been spent. A substantial amount of time and money can be saved if parties actively explore settlement early in the pretrial period. An ADR process can provide a safe and early opportunity to discuss settlement.

**Providing momentum and a "back up"**

Often parties successfully negotiate an early resolution to their dispute on their own. Even if you are negotiating a settlement without the assistance of a neutral, you should still consider having your case referred to an ADR process to use as a "back up" in the event the case does not settle. Meanwhile, knowing that you have a date for the ADR process may help provide momentum and a "deadline" for your direct settlement discussions.

**Overcoming obstacles to settlement**

The adversarial nature of litigation often makes it difficult for counsel and parties to negotiate a settlement effectively. An ADR neutral can help overcome barriers to settlement by selectively using information from each side to:

- help parties engage in productive dialogue
- help each party understand the other side's views and interests
- communicate views or proposals in more palatable terms
- gauge the receptiveness to proposals
- help parties realistically assess their alternatives to settlement
- help generate creative solutions

**Improving case management**

Discovery can be broad and expensive, and sometimes fails to focus on the most important issues in the case. An early meeting with a neutral such as an ENE evaluator may help parties agree to a focused, cost-effective discovery plan or may help them agree to exchange information informally.

## Won't I risk giving away my trial strategy in ADR?

About 98 percent of civil cases in our court are resolved without a trial. If you don't raise your best arguments in settlement discussions, you risk failing to achieve the best result for your side. Although you need not reveal in an ADR session sensitive information related to trial

strategy, you might find it useful to raise it in a confidential separate session with the neutral (available after the evaluator prepares the evaluation in ENE, or at any time in mediation or a settlement conference). You can then hear the neutral's views of the significance of the information and whether or when sharing it with the other side may benefit you in the negotiations.




## Where can I get more information?

### Website

Our website at **www.adr.cand.uscourts.gov** contains information about the court's ADR Programs, including the contents of this ADR handbook, the ADR Local Rules, ADR Forms and an application to serve as a neutral.

### Clerk's Office

You may obtain copies of this handbook and the ADR Local Rules from the intake counter at each of the Clerk's Office locations. The phone numbers for the Clerk's Office locations in San Francisco, Oakland and San Jose are as follows:

- San Francisco: (415) 522-2000
- Oakland: (510) 637-3530
- San Jose: (408) 535-5363

### Court Library

The court's library on the 18th floor of the Federal Building and United States Courthouse in San Francisco is open to counsel and clients who have cases pending before the court. The library has a collection of resources on ADR. The collection includes an "ENE Handbook," which was prepared by the court for evaluators, but which might be helpful to counsel and clients with cases in ENE. The library's telephone number is (415) 436-8130.

### ADR Unit

For information about selecting an ADR process or customizing one for your case, conflicts of interest, becoming a neutral or for other information, contact:

ADR Unit - U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102
Tel: (415) 522-2199
Fax: (415)522-4112
E-mail: ADR@cand.uscourts.gov
Internet: www.adr.cand.uscourts.gov