Michael P. O'Bresly SBN 165512
LAW OFFICE OF MICHAEL P. O'BRESLY
1300 Clay Street, 11th Floor
Oakland, California 94612
Tel: (510) 350-8332
Fax: (510) 255-2600

Attorney for Plaintiff
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DOES 1 TO 20,<br><br>Defendants. | Case No.: C 07 2721 PJH<br><br>PLAINTIFF REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO REMAND ACTION TO STATE COURT<br><br>Hearing Date:  August 15, 2007<br>Time:          9:00 a.m.<br>Courtroom:     3<br><br>Assigned to the Honorable Phyllis J. Hamilton |

I.    **INTRODUCTION AND STATEMENT OF FACTS**

Plaintiff Regents of the University of California ("Regents") is a corporate entity created by the Constitution of the State of California. Cal. Const. Art IX, sec. 9. As such, it has been considered a branch of the California state

government. *E.g.*, *Regents of the University of California v. City of Santa Monica* (1978) 77 Cal. App. 3d 130, 136 (exemption from local building codes); *Goldberg v. Regents of the University of California* (1967) 248 Cal. App. 2d 867, 874 ("the University is a constitutional department or function of the state government."); 30 Ops. Cal. Atty Gen. 162, 165-66 (1950).

Defendant Insurance Indemnity Company of North America, Inc. ("Indemnity") states that it is a corporation organized under the laws of the State of Pennsylvania, with its principle place of business in Pennsylvania.

The present action involves a claim for insurance benefits under a form of first-party insurance known as a Master Builders' Risk policy. On April 10, 2007, Regents filed this action in the Superior Court of the State of California, in and for the County of Alameda. On or about May 22, 2007, defendant Indemnity filed a Notice of Removal of the action in this court.

Regents hereby moves that the matter be remanded to the Superior Court from which it was removed, on the grounds that this court lacks subject matter jurisdiction over this dispute.

II. **ARGUMENT**

    A.    <u>This Court should Determine its Subject Matter Jurisdiction before Reaching any other issue in the case, including Insurance Indemnity's Motion to Transfer Venue.</u>

The United States Supreme Court has held that when the subject matter jurisdiction of a federal court is challenged or questioned, whether on motion or by the court's own inquiry, the court must first determine its subject matter jurisdiction, that is, its power to adjudicate, before reaching any other issue affecting the case. *Steel Company v. Citizens for a Better Environment*, 523 U. S. 83, 101 (1998).

Defendant Insurance Indemnity Company of America has filed a motion to transfer venue under 28 U. S. C. Section 1404. Plaintiff submits that it is appropriate, and hereby requests, that this Court first determine the question presented in this motion before ruling on the motion for venue transfer.

    **B.**    <u>Diversity jurisdiction does not exist because the Regents of the University of California is not a "citizen" of the State of California.</u>

Subject matter jurisdiction by reason of diversity of citizenship of the litigants is conferred on this court by 28 U.S.C. §1332, which provides, in relevant part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, and is between: *citizens* of different states . . . ."

The party invoking diversity jurisdiction must establish sufficient facts to warrant its exercise. *Gibbs v. Buck*, 307 U.S. 66, 69; *Bank One, Texas N.A. v. Montle*, 964 F.2d 48. 50 (1st Cir. 1992). Section 1332 is strictly construed against

removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). When lack of subject matter jurisdiction is raised in diversity cases, the burden of proving all jurisdictional facts rests on the party seeking jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Moreover, when a state case has been removed to federal court and diversity jurisdiction is challenged, all doubts should be resolved in favor of remand to the state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

Defendant Indemnity Insurance Company incorrectly removed the matter by alleging that the Regents is a "citizen of California" for purposes of the diversity jurisdiction statute, 28 U.S.C. §1332. In fact, the Regents is not a "citizen" of the State of California – for these purposes, the Regents *is* the State of California. As such, the requirements of diversity jurisdiction are not met and this Court lacks the power to adjudicate this matter.

The United Supreme Court has recognized that a state itself is not a "citizen" of a state so as to confer diversity jurisdiction. *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894). Similarly, if a state agency or governmental body is an "arm of the state," then the state agency is also not a "citizen." *Moor v. County of Alameda*, 411 U.S. 693, 717-21 (1973), *overruled on other grounds*, *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 696 n. 61

Plaintiff Regents' Motion to Remand to State Court
<u>Regents v. Indemnity Insurance Company</u>, USDC N. D. Cal. C 07-02721 PJH
Page 4 of 9

(1978); *see also Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988).

The essential test of whether a state agency or governmental body constitutes a "citizen" of a state for diversity purposes is the same test that has been applied in 11th Amendment challenges to the maintenance of suits against state agencies or bodies in federal court. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999); *see also PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.* 81 F.3d 1412, 1417 fn. 2 (5th Cir. 1996); *Tradigrain, Inc. v. Mississippi State Port Authority*, 701 F.2d 1131, 1132 (5th Cir. 1983) ("the analysis of an agency's status is virtually identical whether the case involves determination of immunity under the Eleventh Amendment or a determination of citizenship for diversity jurisdiction"). In *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999), the Eleventh Circuit held that the University of South Alabama was an "alter ego" of the state which was not subject to diversity jurisdiction, expressly finding that the applicable test of whether an agency is an "alter ego" of a state for diversity purposes is the same essential test of whether a governmental body is an alter ego of the state for 11th Amendment purposes.

In the 11th Amendment cases, the Courts have emphasized that the primary, if not exclusive, factor in determining that a state entity is the alter ego of the state

is the state's monetary liability in lawsuits. This is the analysis which the Supreme Court applied almost 25 years later when it found the Regents was an "arm of the state" capable of invoking the 11th Amendment. *Regents of the University of California v. Doe*, 519 U.S. 425, 430-31 (1997). The Court held that the Regents was an "arm of the state" because in general state funds are ultimately responsible for satisfaction of judgment against the Regents, whether or not state funds are implicated in the particular action at hand. *Ibid.*

The same principle holds true when the "arm of the state" is the plaintiff, as any recovery will ultimately benefit the state treasury:

> Thus, while the impact of the litigation on the state treasury remains the most salient factor in determining whether the University is an alter ego of the state for purposes of § 1332, the inquiry is reversed: that is, while we usually look to whether the state will be liable for a judgment against the entity in question, in cases in which a state entity is plaintiff, we will look to whether any recovery by the entity will inure to the benefit of the state. The Supreme Court has explicitly endorsed this approach in a case involving diversity and removal jurisdiction: "applying the same principles of construction to the removal acts [as to the Eleventh Amendment] and to cases in which it is claimed that the state, though not the nominal, is in fact the real, party plaintiff, it may fairly be held that the state is such real party when the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate."

*Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 262 (4th Cir. 2005), quoting *Missouri, K. & T. R. Co. v. Missouri R. & Warehouse Comm'rs*, 183 U.S. 53, 59, (1901).

Thus, the inquiry as to whether the Regents of the University of California may invoke 11th Amendment protections afforded to states, is the same inquiry as presented on the question of whether the Regents is the equivalent of the state rather than a "citizen" of the state for purposes of jurisdiction under 28 U.S.C. §1332. Here, the inquiry into the Regents' status for 11th Amendment purposes has been made and has been unequivocally answered. In its 1997 decision in *Regents of the University of California v. Doe, supra,* 519 U.S. at 429, the United States Supreme Court expressly held that the Regents of the University of California is an "arm of the state" for 11th Amendment purposes. Further, earlier decisions from the lower courts in the districts of California had similarly held that the University of California constitutes an "arm of the state" or an "alter ego" of the State of California for 11th Amendment purposes. *Vaughn v. Regents of the University of California*, 504 F. Supp. 1349, 1353 n.5 (E.D. Cal. 1981); see also *Competitive Technologies v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1133 (N.D. Cal. 2003); see also *Stones v. Los Angeles Community College Dist.*, 572 F. Supp.

1072, 1976-78 (C.D. Cal. 1983) (California Constitution creates state university and educational system, and education of the public is a non-delegable state duty).

Accordingly, this is not a case or controversy between citizens of different states, and the requirements of diversity jurisdiction are not satisfied.

C. <u>The case should be Remanded to the Superior Court of the State of California from which it was Removed.</u>

These decisions compel the conclusion that Regents is not a "citizen" for purposes of the diversity jurisdiction statute. This case was improperly removed to federal court on the basis of diversity jurisdiction.

If this Court finds that it is lacking jurisdiction over this matter, the appropriate step is to remand the matter to the Superior Court of California, in and for the County of Alameda, the court from which the matter was removed. An order dismissing the action would be not proper since the plaintiff did not attempt to invoke this Court's jurisdiction, and to dismiss this matter would potentially prejudice the Regents.

**III.  CONCLUSION**

Plaintiff Regents respectfully requests that this Court order the present action be remanded the Superior Court of the State of California, in and for the County of Alameda.

DATED:    July 11, 2007                Respectfully submitted,
                                        REGENTS OF THE UNIVERSITY
                                        OF CALIFORNIA


                                        By: _/S/__Michael P. O'Bresly_
                                            Michael P. O'Bresly
                                            Its Counsel


CERTIFICATE OF SERVICE

I, Michael P. O'Bresly, hereby certify that on this the 11th of July, 2007, at approximately 2:00 p.m., I caused a true copy of this document, Regents' Motion to Remand to State Court, to be transmitted to counsel of record for the defendant Indemnity Insurance Company of America Inc. via electronic mail.


Dated:  July 11, 2007                   _/S/ Michael P. O'Bresly_____