1  MICHAEL C. PHILLIPS APC (Bar No. 48473)
      mcp@amclaw.com
2  PAULA G. TRIPP (Bar No. 113050)
      pgt@amclaw.com
3  ROSA MARTINEZ-GENZON (Bar No. 229081)
      rmg@amclaw.com
4  ANDERSON, McPHARLIN & CONNERS LLP
   Thirty-First Floor
5  444 South Flower Street
   Los Angeles, California 90071-2901
6  TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

7  **Attorneys for Defendant INDEMNITY INSURANCE
   COMPANY OF NORTH AMERICA**

8

9                    **UNITED STATES DISTRICT COURT**

10    **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12 | THE REGENTS OF THE UNIVERSITY OF     | Case No. C 07-2721 PJH
   | CALIFORNIA,
13 |                                       | **DEFENDANT INDEMNITY INSURANCE
   |               Plaintiff,              | COMPANY OF NORTH AMERICA'S
14 |                                       | MEMORANDUM OF POINTS AND
   |       vs.                             | AUTHORITIES IN OPPOSITION TO
15 |                                       | PLAINTIFF'S MOTION TO REMAND
   | INDEMNITY INSURANCE COMPANY OF        | ACTION TO STATE COURT; EXHIBITS
16 | NORTH AMERICA, DOES 1 TO 20,          | IN SUPPORT THEREOF
17 |               Defendant.              | Date:      August 15, 2007
   |                                       | Time:      9:00 a.m.
18 |                                       | Crtrm.:    3
19
20 |                                       | Trial Date:            None
21

22 **I.    INTRODUCTION**

23        Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

24 ("INDEMNITY") properly removed this action based on diversity jurisdiction.  In response, THE

25 REGENTS OF THE UNIVERSITY OF CALIFORNIA ("The REGENTS") seek to invoke the

26 protections of the Eleventh Amendment and argue that it is not a citizen for purposes of diversity

27 jurisdiction.  The Eleventh Amendment does not apply, however, when as here, the "state"

28 voluntarily chooses to prosecute a claim as a plaintiff.  Moreover, the Eleventh Amendment is of

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

640459.1 5494.127                                                    C 07-2721 PJH

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

1  no benefit to The REGENTS because it cannot establish that it is bringing this lawsuit as an alter

2  ego of the State of California.  Diversity of citizenship jurisdiction, therefore, exists in this case

3  and the instant motion must be denied.

4  **II.    ARGUMENT AND AUTHORITY**

5      **A.    A State Plaintiff That Voluntarily Brings Suit Cannot Invoke The Eleventh**

6           **Amendment To Destroy Diversity Jurisdiction.**

7           The REGENTS has erroneously asserted that a plaintiff state can invoke the protections of

8  the Eleventh Amendment and defeat diversity jurisdiction.  The REGENTS attempt to support its

9  argument with a Fourth Circuit case but the Ninth Circuit has clearly held that "a state that

10 voluntarily brings suit as a plaintiff in state court cannot invoke the Eleventh Amendment when

11 the defendant seeks removal to a federal court of competent jurisdiction."  *California ex rel*

12 *Lockyer v. Dynegy, Inc.* (2004) 375 F.3d 831, 848.  In *Dynegy*, defendants removed the state

13 matter to federal court.  In response, the state of California sought remand based on its assertion

14 that "principles of sovereign immunity are violated when a plaintiff state, voluntarily prosecuting a

15 claim, is forced without its consent into a federal forum by operation of the federal removal

16 statute."  *Id.* at 843.  The Ninth Circuit disagreed with the State of California, concluding that

17 sovereign immunity was never intended to protect plaintiff states.  *Id.* at 848.

18         The *Dynegy* court noted that generally the Eleventh Amendment and the concept of

19 sovereign immunity "limits the reach of federal judicial power to suits commenced or prosecuted

20 *against* one of the United States [and] plainly protects states from being hailed into federal courts

21 as *defendants.*"  *Id.* at 845.  The court held that "where a State voluntarily becomes a party to a

22 cause and submits its rights for judicial determination, it will be bound thereby and cannot escape

23 the results of its own voluntary act by invoking the prohibitions of the Eleventh Amendment."  *Id.*

24 848.

25         An analysis of the history of sovereign immunity supported the *Dynegy* court's decision.

26 The court noted that there was "little indication that sovereign immunity was ever intended to

27 protect plaintiff states."  *Id.* at 846.  In doing so, the court referred to the case of *Cohens v.*

28 *Virginia*, in which the Supreme Court stated that the Eleventh Amendment "extended to suits

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 · FAX (213) 622-7594

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

1   commenced or prosecuted by individuals, but not those brought by the State." *Cohens v. Virginia*

2   (1921) 19 U.S. 264, 407 (the Supreme Court allowed defendants to seek a writ of error in federal

3   court despite the fact that Virginia had initiated its suit in state court).

4          As support for its position, the *Dynegy* court noted, "it is long settled…that although a state

5   may not be sued without its consent, such immunity is a privilege which may be waived. *Id.* at

6   848 citing *Gunter v. Atl. C.L.R. Co.* (1906) 200 U.S. 273, 284. "Where a State voluntarily

7   becomes a party to a cause and submits its rights for judicial determination, it will be bound

8   thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the

9   Eleventh Amendment." *Id.*, citing *Gunter, supra*, 200 U.S. at 284. The court further stated,

10  "waiver by litigation conduct rests upon the Amendment's presumed recognition of the need to

11  avoid inconsistency, anomaly and unfairness, and not upon a State's actual preference or desire,

12  which might, after all, favor selective use of immunity to achieve litigation advantages." *Id.*

13         Moreover, the Ninth Circuit is not the only jurisdiction that has determined that plaintiff

14  states cannot invoke the protections of the Eleventh Amendment.  In *In Re Rezulin Products*

15  *Liability Litigation* (S.D.N.Y. 2001) 133 F.Supp.2d 272, after removal was granted based on

16  diversity, the plaintiff argued for remand based on the fact that the state of Mississippi was the real

17  party in interest.  The court refused to allow remand, stating, "the fact remains that this suit was

18  brought by, not against, the state…. While the Eleventh Amendment in some areas has been

19  extended beyond its textual limits, this is not the case with respect to state plaintiffs." *Id.* at 297.

20         Even more persuasive is that the United States Court of Appeals has declined to allow the

21  Regents of the University of California to invoke the protections of the Eleventh Amendment

22  when the Regents was the plaintiff asserting a claim and not a defendant to a suit brought by an

23  individual. *See, The Regents of the University of California v. Eli Lilly and Co.* (1997) 119 F.3d

24  1559.  Though the circumstances in the *Eli* case differ from the present case in that, in *Eli*, a

25  waiver argument was presented by The Regents who claimed to have only waived its Eleventh

26  Amendment immunity with respect to California federal courts, it is clear that the Court did not

27  decide the case based on the issue of waiver.  Instead, the Court of Appeal broadly held that the

28  Eleventh Amendment did not apply to plaintiff states:  "This case only involves UC's patent

ANDERSON, MCPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   infringement claims and not Lilly's defenses; it does not involve any claim or counterclaim against

2   UC that places UC in the position of a defendant.... Accordingly, we conclude that the Eleventh

3   Amendment does not deprive the Indiana district court of jurisdiction in this case." *Id.* at 1565.

4   Thus, the courts have specifically held that the Eleventh Amendment does not apply to The

5   REGENTS when, as here, it is a plaintiff instead of defendant.

**B.     The Eleventh Amendment Cannot Be Used to Destroy Diversity Jurisdiction**
**Herein Because The REGENTS Is Not An Alter Ego of the State of California.**

8       The REGENTS erroneously asserts that simply because it has been found to function as

9   the alter ego of the State of California in other lawsuits, it must be found to be an alter ego of the

10  State of California in this lawsuit as well.  The courts, however, have held that "the status of each

11  University must be considered on the basis of its own particular circumstances." *Vaughn v. the*

12  *Regents of the University of California* (1981) 504 F.Supp. 1349, 1353.  Each case that has

13  determined the status of The REGENTS has undergone its own analysis as to the proper status of

14  the University.  That independent analysis must be employed here as well.

15      In considering whether the agency is an alter ego or arm of the state, the courts consider

16  the following five factors: (1) whether a money judgment would be satisfied out of state funds; (2)

17  whether the entity performs central government functions; (3) whether the entity may sue or be

18  sued; (4) whether the entity has property in its own name or only the name of the state; and (5) the

19  corporate status of the entity.  *Regents of the University of California v. Doe* (1997) 519 U.S. 425,

20  428.  Essentially, the courts look to whether the agency has a sufficiently independent corporate

21  character to dictate whether it should be treated as a citizen of the state and thus unable to invoke

22  the protections of the Eleventh Amendment.  *Cowles v Mercer County* (1969) 74 U.S. (7 Wall.)

23  118, 121.

24      There is an abundance of evidence which establishes that the REGENTS is not an alter ego

25  of the State of California because it exercises sufficient autonomy and control to subject it to

26  diversity jurisdiction as its own corporate entity.  In general, the REGENTS is a public corporation

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

1   that has the power to enter into contracts and to sue and be sued. Cal. Education Code §§ 92436,

2   92437;[1] Cal. Const., Article IX, §9(a), (f). Moreover, The REGENTS has virtual autonomy in

3   self-governance and is intended to operate as independently from the state as possible. *See,*

4   *Regents of the University of California v. Santa Monica* (1978) 77 Cal.App.3d 130, 135; *San*

5   *Francisco Labor Council v. Regents of the University of California* (1980) 26 Cal.3d 785, 789.

6       In particular, this lawsuit arises from a claim for insurance benefits under a Master

7   Builder's Risk Policy. (The REGENTS' Complaint, ¶¶ 8, 13 (Exhibit A).) The named insured

8   under the first party insurance policy is The REGENTS. (Ex. A, ¶ 4.) The REGENTS' claim

9   under the policy was brought forth for damage sustained to a construction project at the University

10  of Irvine campus. (Ex. A, ¶¶ 7-9.) The REGENTS has the power to acquire real property and

11  may sell, lease or otherwise dispose of its property. (Cal. Educ. Code §§92431, 92438 (Ex. B).)

12  Moreover, title to all property acquired by The REGENTS, and the revenues and income from

13  such property is in The REGENTS. (Cal. Educ. Code §92443 (Ex. B).) The REGENTS also has

14  the power to construct, own, operate and control any construction project. (Cal. Educ. Code

15  §92432 (Ex. B).) The REGENTS have full charge of the acquisition, construction and completion

16  of all projects authorized by The REGENTS. (Cal. Educ. Code §§92441, 92442, 92443, 92444

17  (Ex. B).) Further, The REGENTS has the power to insure against property damage and loss by

18  fire or other hazards and any insurance proceeds collected by The REGENTS are to be used to pay

19  any bonds maintained by THE REGENTS. (Cal. Educ. Code §§92446, 92447 (Ex. B).)

20      Based on the factors cited above, it is clear that the State of California is not the real party

21  in interest in this matter. Unlike the cases cited by The REGENTS in their motion where the State

22  of California asserted some type of control or dominion over the subject matter of the litigation,

23  here, all of the elements and circumstances that have created this litigation are in the exclusive

24  control of The REGENTS. As noted above, The REGENTS have exclusive title and power over

25  the property that allegedly sustained damage. The REGENTS also exercised exclusive control and

26  _____

27  [1] For the court's convenience, INDEMNITY hereby collectively attaches the provisions it has cited from the
    California Education Code as Exhibit B.

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  power over the construction project that is the subject of the litigation. The REGENTS

2  independently contracted for insurance from INDEMNITY and is the sole named insured on the

3  subject policy of insurance. Moreover, any proceeds that may be paid on the policy are to be paid

4  to The REGENTS to be used to pay the bonds maintained by The REGENTS. There is no statute

5  dictating that any insurance proceeds collected by The REGENTS will benefit the State or the

6  state treasury. Instead The REGENTS evoke plenary control over any monies received. The State

7  of California therefore has no interest or control over any aspect of the construction project or the

8  collection of the alleged damages that are sought by The REGENTS in this action. Any recovery

9  will only benefit The REGENTS.

10      The position of The REGENTS in the current matter parallels that of the University of

11  Rhode Island in the case of *University of Rhode Island v. A.W. Chesterton Company* (1989) 721 F.

12  Supp. 400. In that case, the University of Rhode Island sought $100,000 in damages for injury to

13  its property which resulted from its use of a specific type of paint purchased from the defendant.

14  The defendant, a citizen of Massachusetts, filed a petition for removal based on diversity

15  jurisdiction. In response, the University of Rhode Island attempted to assert that it was an alter

16  ego of the State and thus not a citizen of the state of Rhode Island. The Rhode Island district court

17  disagreed with the University's assertions and held that the University of Rhode Island was not

18  merely an alter ego of the State but rather was a corporate entity subject to diversity jurisdiction

19  under 28 U.S.C. §1332 as a citizen of the state of Rhode Island. *Id.* at 403. The court based its

20  decision on the autonomy asserted by the University and its financial relationship to the state. *Id.*

21  at 400-403. The court noted that though the Rhode Island general assembly appropriated funds for

22  the support and maintenance of the University, once the funds were appropriated, the Board had

23  plenary control over those monies. *Id.* at 402. The court stated,

24          "most significantly, it is clear that the University will have the right

25          to control and retain the funds which it seeks to recover as plaintiff

26          in this litigation. If the State of Rhode Island were the real party in

27          interest, any money recovered as a result of this suit would go to the

28

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

1    state's general fund. That certainly was not the result intended by

2    the University when it filed this complaint in state court."

3  *Id.* at 403. The court determined, therefore, that the University had a considerable amount of

4  economic and operational autarchy and thus was not an alter ego of the state of Rhode Island. *Id.*

5    Because it is clear that The REGENTS has a sufficiently independent corporate character

6  and asserts a considerable amount of autonomy, dominion and control over the subject lawsuit and

7  any proceeds awarded by this court, The REGENTS cannot be an alter ego of the state of

8  California, but rather, is a corporate entity subject to diversity jurisdiction under 28 U.S.C. §1332.

9  **III.    CONCLUSION**

10    Based on the foregoing, INDEMNITY respectfully requests that this Court deny The

11  REGENTS' motion for remand.

12

13  DATED: July 25, 2007                    ANDERSON, McPHARLIN & CONNERS LLP

14

15                                          By:  /s/ Rosa Martinez-Genzon
16                                               Michael C. Phillips APC
                                                 Paula G. Tripp
17                                               Rosa Martinez-Genzon
                                            Attorneys for Defendant INDEMNITY INSURANCE
18                                          COMPANY OF NORTH AMERICA

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

EXHIBIT A

COPY

Michael P. O'Bresly SBN 165512
LAW OFFICE OF MICHAEL P. O'BRESLY
1300 Clay Street, 11th Floor
Oakland, California 94612
Tel: (510) 350-8332
Fax: (510) 255-2600

Attorney for Plaintiff
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

Superior Court of the State of California

In and for the County of Alameda

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, <br><br> Plaintiff, <br><br> vs. <br><br> INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DOES 1 TO 20, <br><br> Defendants. | ) Case No.:  R G0 7 31 99 30 <br> ) <br> ) <br> ) COMPLAINT FOR DECLARATORY <br> ) RELIEF and BREACH OF CONTRACT <br> ) <br> ) EXEMPT FROM FILING FEES <br> ) GOV CODE SECTION 6103 <br> ) <br> ) <br> ) <br> ) <br> ) |

Come now, The Regents of the University of California
(hereinafter "the Regents"), and alleges the following in
support of its Complaint against Indemnity Insurance Company of
North America ("IICNA") and Does 1 to 20:

1.    At all times material herein, the Regents was and is a
corporation duly organized under the Constitution and laws of
the State of California.  The Regents is a political subdivision

COMPLAINT - 1

1    of the State of California and therefore exempt from filing

2    fees, pursuant to California Government Code Section 6103.

3        2.    At all times material herein, IICNA was and is a

4    corporation, regularly transacting the business of property and

5    liability insurance within the State of California.

6        3.    At all times material herein, the parties identified

7    herein as "Does 1 to 20," and each of them, were the agents,

8    principles, representatives, successors, parents, affiliates,

9    and/or assignees of other defendants named and unnamed, and each

10   of them, and therefore responsible and liable for the acts and

11   omissions of the other defendants herein.  Plaintiff is ignorant

12   of the true names and identities of the parties named herein as

13   "Does 1 to 20," and will amend this complaint, pursuant to Code

14   of Civil Procedure Section 474, when those names and identities

15   are ascertained.

                    FACTUAL ALLEGATIONS COMMON

                    TO ALL CAUSES OF ACTION

18       4.    In or about July 2004, Defendants issued to Regents a

19   certificate of insurance bearing number CTF I 205 15 29 6 (the

20   "certificate") to cover risks of damage to the Regents'

21   "Contract Works" at a location known as the Southern Radial

22   Road, located on or about the campus of the University of

23   California at Irvine.  The Certificate incorporated by reference

24   certain terms of a Master Builders Risk Policy of insurance

25   (hereafter, the "Policy"), issued by Defendants for purposes of

                    COMPLAINT - 2

1    covering construction projects commencing in the period
2    September 1, 2001 to 2004. Defendants are in possession of
3    copies of these documents and know the contents thereof.
4         5.   The Policy and Certificate contain a promise whereby
5    Defendants, in exchange for payment of insurance premium,
6    assumed the obligation to reimburse the Regents for physical
7    loss or damage to construction works at the Southern Radial Road
8    project, resulting from any peril or risk of loss, except as
9    excluded thereby.
10        6.   The Regents paid Defendants valuable consideration for
11   the Policy, the Certificate and the promises contained therein.
12        7.   Beginning in or about December 2004, during the time
13   in which the construction works known as the Southern Radial
14   Road project were underway and Defendants' insurance coverage in
15   effect, the Regents suffered damage and loss to the Southern
16   Radial Road construction works. To date, the Regents have
17   incurred approximately $250,000 in costs as a direct result of
18   the damage to the construction works.
19        8.   In or about April 2005, the Regents duly reported the
20   loss to Defendants and claimed coverage for their costs under
21   the Policy.
22        9.   In or about August of 2005, Defendants denied the
23   Regents' claim. The Defendants contended, and still contend,
24   that the loss and damage resulted from a peril excluded under a
25   term of the Policy. The Regents contend that the damage and


                         COMPLAINT-3

1   loss is not excluded under any terms of the Policy, and further
2   contend that Defendants are obligated to reimburse the Regents
3   for all of the costs incurred by Regents as a result of the
4   damage and loss to the construction works at the Irvine campus
5   Southern Radial Road.

6       10.   Despite repeated requests, Defendants have refused to
7   reimburse the Regents for any portion of these costs.

8       11.   In or about July, 2006, and again in January, 2007,
9   Defendants extended all applicable periods of limitation on the
10  time for the institution of suit to a date not earlier than the
11  date of the filing of the present complaint.

                    FIRST CAUSE OF ACTION

                     Declaratory Judgment

                    (Against All Defendants)

16      12.   The Regents incorporate by reference the allegations
17  of the foregoing paragraphs as if fully set forth herein.
18      13.   An actual, present and justiciable controversy exists
19  between the Regents and the Defendants, and each of them, in
20  that the Defendants contend and the Regents dispute that the
21  loss and damage suffered to the Southern Radial Road project as
22  a result of the rainfall is excluded under the terms of the
23  Policy.   The Regents are informed and believe, and on that
24  basis allege, that the Defendants contend that all of the loss
25  and damage to the Regents' contract works resulted from a peril

                        COMPLAINT - 4

1  excluded under the Policy, and that there is no obligation to
2  reimburse Regents for the costs of said damage.  The Regents
3  disagree, and contend that the costs at issue are covered by the
4  terms of the policy and are not excluded by any clear and
5  enforceable term, provision or limitation.  The Regents further
6  contend that Defendants are obligated to reimburse the Regents
7  for some or all of the costs incurred as a result of the damages
8  at the Southern Radial Road project.

9      14.  A declaratory judgment is both necessary and proper at
10  this time, as the parties require the Court's determination to
11  resolve the dispute as the interpretation and application of the
12  terms of Policy and their respective rights and liabilities
13  thereunder.

14      Wherefore, the Regents pray for judgment as set forth
15  below.

16                  SECOND CAUSE OF ACTION
17                  BREACH OF CONTRACT
18                (Against All Defendants)

19      15.  The Regents incorporate by reference all factual
20  allegations of the foregoing paragraphs, as if set forth herein
21  in full.

22      16.  The Regents and Defendants entered into a contract
23  whereby Defendants agreed to reimburse the Regents for costs and
24  expenses resulting from loss to construction works at the
25  University of California Irvine campus.

17. The Defendants' promise obligates them to reimburse the Regents for the costs at issue, incurred in connection with the loss and damage at the Southern Radial Road project.

18. The Regents have fulfilled and/or complied with all applicable conditions to Defendants' performance, which is now due and owing. Defendants' performance has not been waived or excused.

19. Defendants have wrongfully failed to perform their promises under the contract of insurance.

20. Defendants are in material and present breach of their contract with the Regents. As a direct and proximate result of that breach, Regents have suffered substantial monetary damage.

21. The damages suffered by Regents result from a breach of written contract, and Regents are therefore entitled to interest at the rate of 10% per year.

Wherefore, the Regents pray for judgment as set forth below.

## PRAYER FOR RELIEF

The Regents pray for judgment against Defendants, and each of them, as follows:

1. As to the first cause of action, for a declaration of the rights and obligations of the parties under the Policy; for costs of suit incurred herein; and for other such relief as the Court may deem just and proper.

COMPLAINT - 6

2.    As to the second cause of action, for an award of monetary damages in an amount to be determined; for pre-judgment and post-judgment interest on that award; for costs of suit incurred herein; and for other such relief as the Court may deem just and proper.

Respectfully Submitted,

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

Date:  April 9, 2007

By: _____

Michael P. O'Bresly
Attorney for Plaintiff

COMPLAINT - 7

EXHIBIT B

Westlaw.

West's Ann.Cal.Educ.Code § **92431**

c

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          🕮 Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
            🕮 Article 2. Powers of Regents (Refs & Annos)

        ➡**§ 92431.** Acquisition of property

The regents may acquire by grant, purchase, gift, devise, lease, or by the exercise of the right of eminent domain, and may hold, use, sell, lease, or dispose of any real or personal property necessary for the full exercise or convenient or useful for the carrying on of any of its powers pursuant to this chapter.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.1, added by Stats.1971, c. 427, p. 819, § 2.

Stats.1947, c. 1027, p. 2291, § 3.

CROSS REFERENCES

  Eminent domain, see Code of Civil Procedure § 1230.010 et seq.; Const. Art. 1, § 19.

  State agencies, gifts or dedications to state and contracts regarding real property, see Government Code § 11005.

  State funds, donations to State, see Government Code § 16302.

LIBRARY REFERENCES

2002 Main Volume

  Colleges and Universities ☞40, 6(3).
  Eminent Domain ☞7.
  Westlaw Topic Nos. 81, 148.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

West's Ann.Cal.Educ.Code § **92431**

    C.J.S. Colleges and Universities §§ 8, 11.
    C.J.S. Eminent Domain § 23.

RESEARCH REFERENCES

**Encyclopedias**

CA Jur. 3d Universities and Colleges § 126, University of California.

CA Jur. 3d Universities and Colleges § 132, University of California.

West's Ann. Cal. Educ. Code § **92431,** CA EDUC § **92431**


Current through Ch. 95 of 2007 Reg.Sess. urgency legislation


               © 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Educ.Code § **92432**

C

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
            Article 2. Powers of Regents (Refs & Annos)

→**§ 92432.** Project construction

The regents may construct, own, operate, and control any project.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.2, added by Stats.1971, c. 427, p. 819, § 2.

Stats.1947, c. 1027, p. 2291, § 3.

RESEARCH REFERENCES

**Encyclopedias**

CA Jur. 3d Universities and Colleges § 132, University of California.

West's Ann. Cal. Educ. Code § **92432**, CA EDUC § **92432**

Current through Ch. 95 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Educ.Code § **92436**

C

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
            Article 2. Powers of Regents (Refs & Annos)

      →**§ 92436.** Contracts with United States and state

The regents may contract with any department or agency of the United States or of this state upon such terms and conditions as the regents find are for the best interests of the university.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.6, added by Stats.1971, c. 427, p. 820, § 2.

Stats.1971, c. 1027, p. 2292, § 3.

CROSS REFERENCES

    Contracts, generally, see Civil Code § 1549 et seq.

LIBRARY REFERENCES

2002 Main Volume

    Colleges and Universities ⚷5.
    Westlaw Topic No. 81.
    C.J.S. Colleges and Universities § 8.

West's Ann. Cal. Educ. Code § **92436**, CA EDUC § **92436**

Current through Ch. 95 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Educ.Code § **92437**

**c**

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
            Article 2. Powers of Regents (Refs & Annos)

      →**§ 92437.** Contracts; leases; agreements

The regents may make contracts, leases, and agreements with any person or public corporation, political subdivision, city, county, district, or any agency of any person or such entity and may generally perform all acts necessary for the full exercise of the powers vested in the regents.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.7, added by Stats.1971, c. 427, p. 820, § 2.

Stats.1947, c. 1027, p. 2292, § 3.

CROSS REFERENCES

    Contracts, generally, see Civil Code § 1549 et seq.

LIBRARY REFERENCES

2002 Main Volume

    Colleges and Universities ⬠5.
    Westlaw Topic No. 81.
    C.J.S. Colleges and Universities § 8.

West's Ann. Cal. Educ. Code § **92437**, CA EDUC § **92437**

Current through Ch. 95 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Educ.Code § **92438**

**C**

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
            Article 2. Powers of Regents (Refs & Annos)

→**§ 92438. Sale, lease, or other disposal of property**

The regents may sell, lease, convey, or otherwise dispose of any of its rights, interest, or properties, subject to any contractual obligation which may be entered into by the regents with respect to the issuance of revenue bonds.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.8, added by Stats.1971, c. 427, p. 820, § 2.

Stats.1947, c. 1027, p. 2292, § 3.

LIBRARY REFERENCES

2002 Main Volume

  Colleges and Universities ⌐6(5).
  Westlaw Topic No. 81.

  C.J.S. Colleges and Universities § 14.

RESEARCH REFERENCES

**Encyclopedias**

CA Jur. 3d Universities and Colleges § 126, University of California.

West's Ann. Cal. Educ. Code § **92438**, CA EDUC § **92438**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

West's Ann.Cal.Educ.Code § **92438**

Current through Ch. 95 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Educ.Code § **92441**

**C**

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
            Article 2. Powers of Regents (Refs & Annos)

→**§ 92441.** Power to acquire, construct, and complete projects

The regents have full charge of the acquisition, construction, and completion of all projects authorized by the regents and may proceed with such work forthwith.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.11, added by Stats.1971, c. 427, p. 820, § 2.

Stats.1947, c. 1027, p. 2298, § 5.1.

LIBRARY REFERENCES

2002 Main Volume

    Colleges and Universities ☞6(3).
    Westlaw Topic No. 81.

    C.J.S. Colleges and Universities § 11.

RESEARCH REFERENCES

**Encyclopedias**

CA Jur. 3d Universities and Colleges § 132, University of California.

West's Ann. Cal. Educ. Code § **92441**, CA EDUC § **92441**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

West's Ann.Cal.Educ.Code § **92441**

Current through Ch. 95 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Educ.Code § **92442**

C

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          ▪ Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
            ▪ Article 2. Powers of Regents (Refs & Annos)

        ➡ **§ 92442.** Project construction; location

The regents may construct any project and acquire all property necessary for a project in such manner and at such location and on such terms and conditions as the regents deem advisable. A project may, but need not, be constructed or acquired on any campus and may be constructed or acquired at any location deemed by the regents advisable for the accomplishment of the purposes of this chapter.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.12, added by Stats.1971, c. 427, p. 820, § 2.

Stats.1947, c. 1027, p. 2298, § 5.2.

RESEARCH REFERENCES

**Encyclopedias**

CA Jur. 3d Universities and Colleges § 132, University of California.

West's Ann. Cal. Educ. Code § **92442**, CA EDUC § **92442**

Current through Ch. 95 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Educ.Code § **92443**

**c**

#### Effective: [See Text Amendments]

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
            Article 2. Powers of Regents (Refs & Annos)

→**§ 92443.** Title to property, money, etc.; management of all improvements

Title to all property acquired by the regents, and the revenues and income from such property, is in the regents. The title to any moneys, revenues, sinking funds, reserve funds, and other funds of the regents and the income from such moneys, revenues, and funds pledged to the payment of the principal or interest or any bonds issued thereunder is subject to trusts declared in favor of the bondholders. All such property, including such property and facilities belonging to the college affiliated with the University of California pursuant to Section 92201, and the income from such property are exempt from all taxation by the state or by any county, city and county, city, district, political subdivision, or public corporation of any such entity. The management, operation, and control of all improvements acquired, constructed, or completed by the regents are vested in the regents.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.13, added by Stats.1971, c. 427, p. 820, § 2, amended by Stats.1974, c. 1009, p. 2200, § 32.65.

Stats.1947, c. 1027, p. 2298, § 5.3.

LIBRARY REFERENCES

2002 Main Volume

    Colleges and Universities ⚖═6(4).
    Westlaw Topic No. 81.
    C.J.S. Colleges and Universities § 13.

RESEARCH REFERENCES

**Encyclopedias**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

West's Ann.Cal.Educ.Code § **92443**

CA Jur. 3d Universities and Colleges § 126, University of California.

West's Ann. Cal. Educ. Code § **92443,** CA EDUC § **92443**


Current through Ch. 95 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Educ.Code § **92444**

**c**

Effective: [See Text Amendments]

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
            Article 2. Powers of Regents (Refs & Annos)

→**§ 92444. Project operation, maintenance, etc.**

At all times the operation, maintenance, control, repair, construction, reconstruction, alteration, and improvement of any project are vested in the regents.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.14, added by Stats.1971, c. 427, p. 821, § 2.

Stats.1947, c. 1027, p. 2299, § 5.4.

West's Ann. Cal. Educ. Code § **92444**, CA EDUC § **92444**

Current through Ch. 95 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Educ.Code § **92446**

**C**

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          ⊡Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
           ⊡Article 2. Powers of Regents (Refs & Annos)

      →**§ 92446.** Insurance against loss of revenues

The regents may insure against loss of revenues from any cause whatsoever and the proceeds of any such insurance shall be used solely for the payment of bonds and the interest on the bonds.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.16, added by Stats.1971, c. 427, p. 821, § 2.

Stats.1947, c. 1027, p. 2299, § 5.6.

West's Ann. Cal. Educ. Code § **92446**, CA EDUC § **92446**

Current through Ch. 95 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

West's Ann.Cal.Educ.Code § **92447**

**c**

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Education Code (Refs & Annos)
    Title 3. Postsecondary Education (Refs & Annos)
      Division 9. University of California (Refs & Annos)
        Part 57. University of California (Refs & Annos)
          Chapter 5. The University of California Revenue Bond Act of 1947 (Refs & Annos)
            Article 2. Powers of Regents (Refs & Annos)

→**§ 92447. Insurance against public liability, etc.; indenture**

The regents may insure against public liability or property damage and against loss by fire or other hazards. The regents may provide in an indenture for the carrying of such insurance, or any other insurance, in such amount and of such character as it shall determine, and for the payment of the premiums on such insurance.

CREDIT(S)

(Stats.1976, c. 1010, § 2, operative April 30, 1977.)

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

**Derivation:** Educ.C.1959, § 23582.17, added by Stats.1971, c. 427, p. 821, § 2.

Stats.1947, c. 1027, p. 2299, § 5.7.

RESEARCH REFERENCES

**Encyclopedias**

CA Jur. 3d Universities and Colleges § 150, Insurance; Indemnity.

West's Ann. Cal. Educ. Code § **92447**, CA EDUC § **92447**

Current through Ch. 95 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.