1  MICHAEL C. PHILLIPS APC (Bar No. 48473)
       mcp@amclaw.com
2  PAULA G. TRIPP (Bar No. 113050)
       pgt@amclaw.com
3  ROSA MARTINEZ-GENZON (Bar No. 229081)
       rmg@amclaw.com
4  ANDERSON, McPHARLIN & CONNERS LLP
   Thirty-First Floor
5  444 South Flower Street
   Los Angeles, California  90071-2901
6  TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

7  **Attorneys for Defendant INDEMNITY INSURANCE
   COMPANY OF NORTH AMERICA**

8

9              **UNITED STATES DISTRICT COURT**

10     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12 | THE REGENTS OF THE UNIVERSITY OF | Case No. C 07-2721 PJH |
   | CALIFORNIA, | |
13 | | **DEFENDANT INDEMNITY INSURANCE** |
   | Plaintiff, | **COMPANY OF NORTH AMERICA'S** |
14 | | **REPLY TO PLAINTIFF'S OPPOSITION** |
   | vs. | **TO MOTION TO TRANSFER VENUE** |
15 | | |
   | INDEMNITY INSURANCE COMPANY OF | Date:      August 15, 2007 |
16 | NORTH AMERICA, DOES 1 TO 20, | Time:      9:00 a.m. |
   | | Crtrm.:   3 |
17 | Defendant. | |
18 | | |
   | | Trial Date:            None |
19

20  I.      **INTRODUCTION**

21          The REGENTS' opposition to the instant motion to transfer venue provides no persuasive

22  evidence or authority for its position that this action should remain in the Northern District.  The

23  REGENTS failed to establish that this action has any ties whatsoever to the Northern District other

24  than the fact that The REGENTS' principal place of business is Oakland, its chosen counsel is

25  located in Oakland, and the policy was underwritten in the Bay Area.  These "ties," however, are

26  not sufficient to warrant maintaining the present venue.

27          By contrast, INDEMNITY has clearly established that (1) all events related to the

28  construction project occurred in Irvine; (2) all damages suffered by The REGENTS occurred in

*(left margin, vertical)* **ANDERSON, McPHARLIN & CONNERS LLP**
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  Irvine; (3) the investigation and adjustment of the claim occurred in Irvine; (4) all witnesses with

2  knowledge about the construction project, claimed damages or investigation are located in or

3  around Irvine; and (5) all discoverable documents are in the possession of the University of

4  California, Irvine.  For these reasons, the convenience of the parties and witnesses, and the

5  interests of justice, this matter should be venued in the Central District of California, Southern

6  Division.

7  **II.    AUTHORITY AND ARGUMENT**

8       **A.    The REGENTS Do Not Dispute This Action Could Have Been Brought In The**

9              **Central District of California, Southern Division.**

10          As noted in INDEMNITY'S moving papers, the first step in determining whether to

11  transfer venue is to determine whether or not the action "might have been brought" in the

12  transferee court.  28 U.S.C. §1404(a).  The REGENTS do not dispute that this action could have

13  been brought in the Central District and, therefore, the first prong of §1404(a) has been satisfied.

14      **B.    The Convenience Of The Parties And Witnesses And The Interests of Justice**

15             **Weigh In Favor Of Transferring Venue to The Central District of California,**

16             **Southern Division.**

17          After determining that an action could have been brought in the transferee court, the court

18  must then look to the convenience of the parties, the witnesses and the interests of justice.  See 28

19  U.S.C. §1404(a).  In considering venue transfer motions, however, courts have found that the

20  convenience of the witnesses is the most important factor.  *Windmere v. Remington Products, Inc.*,

21  617 F. Supp. 8. 10 (D.C. Fla. 1985); *see also, A.J. Industries, Inc. v. United States District Court*,

22  503 F.2d 384, 389 (9th Cir. 1974); *Los Angeles Memorial Coliseum Commission v. National*

23  *Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1991).

24          There is absolutely no dispute that the crux of this matter centers around what caused the

25  damages sustained to The REGENTS' construction project located in Irvine and whether that

26  cause was covered under the subject policy.  There is also no dispute that all events related to the

27  construction project, the ensuing damage, and the investigation and adjustment of the claim all

28  occurred in Irvine.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   The REGENTS would like this Court to believe that the underwriting of the policy is

2   somehow relevant to this action.  It is not.  This is not a case involving the interpretation of some

3   ambiguous policy provision which requires testimony regarding the intent of the parties when the

4   policy was purchased.  Instead, it is a case which requires the determination of what caused the

5   damage to The REGENTS' property and whether that cause of loss was covered under the policy.

6   Accordingly, the witnesses whose testimony is relevant are those who investigated the claim, the

7   damages and what caused those damages.   **All** of those witnesses are located in Southern

8   California.  Corporate employees of both The REGENTS and INDEMNITY are not the witnesses

9   who have any knowledge of the facts relevant to this action.

10   In its moving papers, INDEMNITY has identified those witnesses.  They include the

11   insurance adjuster, Mr. Richard Henderson, who is located in Tustin, a city only a few miles from

12   Irvine.  Mr. Henderson was responsible for the local investigation of the claim and issues

13   regarding causation and damages.  Accordingly, his testimony is crucial to the relevant issues in

14   this case.

15   INDEMNITY has also identified Mr. McCarty and Mr. Bell of AMEC Earth and

16   Environmental Inc., who were retained by INDEMNITY to investigate the cause of damage to the

17   construction project.  Messrs. Bell and McCarty conducted a site examination of the damaged

18   roadways and also reviewed various documentation and reports regarding the on site damage. In

19   its opposition, The REGENTS assert that the "convenience" of paid "expert witnesses" is not a

20   pervasive factor.  These men, however, were not paid experts as that term is meant in the cases

21   cited by the REGENTS.  They are consultants who were used to determine the cause of the

22   damage in order for INDEMNITY to make its coverage determination.  As such, they are

23   percipient witnesses.

24   Moreover, even if Messrs. McCarty and Bell are at some point retained by INDEMNITY

25   as expert witnesses, the courts have held that the convenience of experts witnesses may be taken

26   into consideration where the experts also have personal knowledge of the facts upon which their

27   testimony is to be based. *See, Barnett v. United Oil Co.,* 5 Cal.App.2d 175, 181 (1935).  As noted

28   above, Mr. McCarty and Mr. Bell did not simply base their opinions on their general knowledge

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   and expertise in the geological field, but have conducted direct examinations and studies of the

2   subject project and the causation of the erosion.  Thus, the convenience of these witnesses may be

3   taken into consideration by the court when determining proper venue.  It is clear that these

4   witnesses have relevant information regarding the denial of coverage in this matter and that these

5   witnesses would be extremely inconvenienced by being forced to participate in litigation over 400

6   miles away.

7        Additionally, The REGENTS' claim that many of the witnesses identified by

8   INDEMNITY are employees of The REGENTS and, therefore, are subject to service of process, is

9   equally unpersuasive.  Whether someone can be served with process is only one consideration and

10  has nothing to do with that person's convenience.  Instead, considerations such as logistics for

11  planning travel, time away from their daily jobs, family demands, etc. are the factors that need to

12  be examined when deciding whether a witness would be inconvenienced by a trial being held a

13  considerable distance from where he is located.  These factors are precisely why courts have held

14  that the convenience of witnesses is the most important factor.  In order for trials to be run as

15  expeditiously and justly as possible, it is certainly best to have percipient witnesses nearby.

16       The interests of justice also weigh in favor of changing venue to the Central District.

17  Again, it is undisputed that the events giving rise to the current litigation all occurred in Irvine.

18  Moreover, The REGENTS do not deny that all documentary evidence of the damage to the

19  construction site, including reports, pictures and videotape, is in the possession of the University

20  of California, Irvine.  Instead, The REGENTS simply argue that they already supplied

21  INDEMNITY with documents.  The fact that The REGENTS previously provided information to

22  INDEMNITY does not prevent INDEMNITY from seeking all supporting documentation from

23  The REGENTS through the proper discovery channels, nor does it change the fact that this

24  documentation is within the possession of UCI's Design and Construction Services.  Moreover,

25  any nonparty witnesses with first hand knowledge of the construction project and the claimed

26  damages whose identities have yet to be determined or disclosed would necessarily be located in

27  and around Irvine.  Any further investigation or inspection of the site would also need to occur in

28  Irvine.  Thus, the ease of access to any sources of proof weighs in favor of this action proceeding

4

C 07-2721 PJH

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO TRANSFER VENUE

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1 | in the Central District

2 | Finally, while a plaintiff's choice of forum should be given weight when deciding whether

3 | to grant a motion to change venue, this factor is not dispositive. *Lewis v. ACB Business Services,*

4 | *Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). "Under Section 1404(a), the plaintiff's choice is no longer

5 | given decisive weight as was the case with its predecessor, the doctrine of forum non conveniens."

6 | *Meteoro Amusement Corp. v. Six Flags*, 267 F.Supp.2d 263, 279 (N.D.N.Y. 2003). A plaintiff's

7 | choice of forum is a factor to be considered, but "is neither conclusive nor determinative." *In re*

8 | *Horseshoe Entertainment*, 205 F.3d 354, 358 (5th Cir. 2002). Transfer should be granted when the

9 | "convenience" and "justice" factors strongly favor venue elsewhere. *See Decker Coal Co. v.*

10 | *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1985). As presented above and in the

11 | moving papers, the convenience and justice factors weigh heavily in favor of transferring the

12 | venue.

13 | **III.    CONCLUSION**

14 | For the reasons stated herein and in the moving papers, INDEMNITY has clearly

15 | established that the proper venue for this litigation is the Central District of California, Southern

16 | Division. Accordingly, INDEMNITY respectfully requests that the Court grant the instant

17 | motion.

18 | DATED: August 1, 2007                    ANDERSON, McPHARLIN & CONNERS LLP

19 |

20 |

21 |                                         By:  /s/ Rosa Martinez-Genzon
                                              Michael C. Phillips APC
22 |                                              Paula G. Tripp
                                              Rosa Martinez-Genzon
23 |                                         Attorneys for Defendant INDEMNITY INSURANCE
                                         COMPANY OF NORTH AMERICA

24 |

25 |

26 |

27 |

28 |