1   Michael P. O'Bresly SBN 165512
    LAW OFFICE OF MICHAEL P. O'BRESLY
2   1300 Clay Street, 11th Floor
    Oakland, California 94612
3   Tel: (510) 350-8332
    Fax: (510) 255-2600
4
    Attorney for Plaintiff
5   THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

6

7

8                         UNITED STATES DISTRICT COURT
9
        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
10

11  THE REGENTS OF THE                    ) Case No.: C 07 2721 PJH
    UNIVERSITY OF CALIFORNIA,             )
12                                        ) PLAINTIFF'S MEMORANDUM OF
                                          ) POINTS AND AUTHORITIES IN
            Plaintiff,                    ) REPLY TO OPPOSITION TO
13                                        ) MOTION TO REMAND ACTION TO
        vs.                               ) STATE COURT
14                                        )
                                          )
15                                        )
    INDEMNITY INSURANCE                   ) Hearing Date:    August 15, 2007
16  COMPANY OF NORTH AMERICA,             ) Time:            9:00 a.m.
    DOES 1 TO 20,                         ) Courtroom:       3
17                                        )
            Defendants.                   ) Assigned to the Honorable Phyllis J.
18                                        ) Hamilton
                                          )
19  _____     )

20

21  I.    INDEMNITY HAS NOT DEMONSTRATED THAT THIS COURT
          HAS JURISDICTION OVER THIS MATTER.
22
            As the cases cited in the Regents' motion indicate, the party seeking to
23
    invoke the jurisdiction of the federal courts must demonstrate the basis for that
24

25

1  jurisdiction. Here, in opposition to the Regents' motion to remand, Indemnity has

2  not met that burden, and the matter should therefore be remanded to state court.

3

4  **II.    THE REGENTS IS NOT DIRECTLY INVOKING THE 11TH AMENDMENT AS AN IMMUNITY TO REMOVAL**

5

6       Indemnity sets up a straw man in citing to <u>California ex rel. Lockyer v.

7  Dynegy, Inc.</u> (9th Cir. 2004) 375 F. 3d 831, and similar cases. The issue here is not

8  whether the 11th Amendment provides the Regents with an immunity to this court's

9  otherwise valid assumption of jurisdiction over this case, as was raised by the State

10 of California in <u>Dynegy</u> and by the State of Mississippi in <u>In re: Rezulin Prod.

11 Liab. Litig.</u> (S. D. N. Y. 2001) 133 F. Supp. 2d 272. The issue here is whether the

12 Regents is the alter ego of the State of California and therefore not a "citizen" <u>for

13 purposes of the diversity statute</u>, i.e., whether there exists a valid basis in the

14 United States Code by which this court may assert jurisdiction. This is a subtle yet

15 highly important distinction.

16      The Regents has argued that the reasoning of the 11th Amendment cases

17 provides the analytical framework for answering the question here, as has been

18 held by the Fourth, Fifth and Eleventh Circuits in the cases cited in the motion (see

19 Regents' Motion at pp. 5 – 7). States and their instrumentalities are not "citizens,"

20 whether plaintiff or defendant.

21      As Indemnity concedes in its opposition memorandum, the case of <u>Regents

22 of the University of California v. Eli Lilly & Co.</u> (1997) 119 F. 3d 1559 involved a

23 very different procedural posture than is presented here. Among other

24 dissimilarities, that case involved a federal question (enforcement of patent rights).

25

Plaintiff Regents' Memorandum in Reply on Motion to Remand
<u>Regents v. Indemnity Insurance Company</u>, USDC N. D. Cal. C 07-02721 PJH
Page 2 of 6

1   Here, there is no federal question raised by the Complaint to serve as a basis for

2   jurisdiction.

3   **III.    NOTWITHSTANDING INDEMNITY'S ARGUMENTS, THE**
    **REGENTS IS AN "ARM" OF THE STATE.**
4

5        In its opposition, Indemnity cites University of Rhode Island v. A. W.

6   Chesterton Co. (D. R. I. 1989) 721 F. Supp. 400.  Whatever that University's

7   relation to the state of Rhode Island, the case begins with the proposition advanced

8   by Regents, which is that "the 'alter ego' test employed in Eleventh Amendment

9   cases is 'pretty much the same' as that employed for the purpose of determining

10  diversity jurisdiction."  721 F. Supp. at 401 (citations omitted)  Since the Regents

11  has been held to be an "arm" or "alter ego" of the State of California for purposes

12  of the 11th Amendment, the same reasoning compels the conclusion that it is the

13  "arm" or "alter ego" for purpose of the diversity statute.

14       Indemnity cites a quote from Vaughn v. Regents of University of California

15  (N. D. Ca. 1981) 504 F. Supp. 1349, that "each University must be evaluated under

16  its own circumstances."  That does not change the fact that the circumstances of

17  this particular University have been evaluated, and it has been found to be an

18  "arm" of the State.   The Vaughn decision considered all of the same evidence

19  relied on by Indemnity, including the Regents' power to issue revenue bonds for

20  certain purposes.[1]  Two important factors to that decision were that the Regents

21  performs an essential state government function and that awards against the

22  Regents would ultimately be satisfied from "state funds" (which does necessarily

23

24  _____
    [1] All of the Cal. Educ. Code Sections cited by Indemnity at p. 5 of its opposition appear to come from the Chapter
    permitting the Regents to issue revenue bonds, known as the University of California Revenue Bond Act of 1947.
25  By definition, revenue bonds are repaid by funds generated from the specific project being funded with the debt.
    The Regents has no information to indicate that the road project at issue was funded by revenue bonds.

Plaintiff Regents' Memorandum in Reply on Motion to Remand
Regents v. Indemnity Insurance Company, USDC N. D. Cal. C 07-02721 PJH
Page 3 of 6

1   mean money literally taken out of the state treasury).  504 F. Supp. at 1354, and fn.

2   5.  For example, as detailed in the <u>Vaughn</u> decision, the University of California

3   has "first claim" on state funds under the state constitution, 504 F. Supp. at 1354,

4   fn. 6.[2]  Although several factors may be relevant, as indicated in the cited footnote

5   from <u>Regents of the University of California v. Doe</u> (1997) 519 U. S. 425, the

6   Supreme Court also made clear that it was of "considerable importance" that the

7   State of California would be "legally and practically" responsible for the money at

8   issue in that case.  <u>Doe</u>, <u>supra</u>, 519 U. S. at 430.  This was also a factor which the

9   <u>Vaughn</u> court emphasized.[3]  "When indicators of immunity point in different

10  directions, the Eleventh Amendment's twin reasons for being [i.e., states'

11  potentially being held liable for debts by federal courts, and respect for states'

12  sovereignty] remain our prime guide."  <u>Hess v. Port Authority Trans-Hudson Corp.</u>

13  (1994) 513 U. S. 30, 50.

14         Importantly, since the <u>Vaughn</u> case, the Ninth Circuit has held in other

15  published decisions that the Regents is an "instrumentality" of the state for

16  purposes of the 11th Amendment.  <u>E.g.</u>, <u>Thompson v. City of Los Angeles</u> (9th Cir.

17  1989) 885 F.2d 1439, 1443  ("It has long been established that UC is an

18  instrumentality of the state for purposes of the Eleventh Amendment"); <u>BV</u>

19  <u>Engineering v. Univ. of Calif., Los Angeles</u> (9th Cir. 1988) 858 F.2d 1394, 1395,

20  <u>cert. denied</u>, 489 U.S. 1090 (1989).

21

---

22  [2] In the 2006-07 general budget, the state committed $3.1 billion to the University of California system.  See Section III of "Major Features of the 2006 California Budget," Legislative Analyst's Office (July 2006), found at
23  http://www.lao.ca.gov/2006/major_features/major_features_2006.html.

24  [3] It is ironic that Indemnity relies on the <u>Doe</u> decision, since in that case the United States Supreme Court rejected the argument that the State's funds were not at risk because a third party, the Department of Energy, would purportedly indemnify the Regents for any adverse judgment.  Here, the question is whether Indemnity has an
25  obligation to indemnify Regents for the property damage under the insurance policy at issue.  If this court rules against the Regents' claim, it will have an impact on "state funds."  <u>See</u> Regents' Motion at 6:9 to 7:4.

Plaintiff Regents' Memorandum in Reply on Motion to Remand
<u>Regents v. Indemnity Insurance Company</u>, USDC N. D. Cal. C 07-02721 PJH
Page 4 of 6

1

2      For these reasons, the Court is requested to order that this matter be

3   remanded.

4

5   DATED:     August 1, 2007                Respectfully submitted,

6
                                            REGENTS OF THE UNIVERSITY
7                                           OF CALIFORNIA

8

9                                           By: /s/ *Michael P. O'Bresly*
                                                Michael P. O'Bresly
10                                              Its Counsel

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF SERVICE

I, Michael P. O'Bresly, hereby certify that on this the 1st day of August, 2007, at approximately 4:50 p.m., I caused a true copy of this document, Regents' Memorandum in Reply to Opposition to Motion to Remand, to be transmitted to counsel of record for the defendant Indemnity Insurance Company of America Inc. via electronic mail.


Dated:  July 11, 2007                                          */S/ Michael P. O'Bresly*

Plaintiff Regents' Memorandum in Reply on Motion to Remand
Regents v. Indemnity Insurance Company, USDC N. D. Cal. C 07-02721 PJH
Page 6 of 6