UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGENTS OF THE UNIVERSITY OF CALIFORNIA,

    Plaintiff,

    v.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.
_____/

No. C 07-02721 PJH

**ORDER GRANTING MOTION TO REMAND**

Before the court is the motion of plaintiff Regents of the University of California ("U.C. Regents") for an order remanding the above-entitled action to the Superior Court of California, County of Alameda. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion.[1]

Defendant Indemnity Insurance Company of North American ("Indemnity") removed this action on May 23, 2007, alleging jurisdiction under 28 U.S.C. § 1332. Indemnity asserted complete diversity between the U.C. Regents – alleged to be a citizen of the State of California – and Indemnity, which is a citizen of the State of Pennsylvania.

The U.C. Regents argue that the case should be remanded for lack of subject matter jurisdiction. When lack of subject matter jurisdiction is raised in diversity cases, the burden of proving the jurisdictional facts rests on the party seeking jurisdiction. Kanter v. Warner-

---

[1] The court finds the motion to be appropriate for decision without oral argument. See Civil L.R. 7-1(b); see also Partridge v. Reich, 141 F.3d 920, 926 (9th Cir.1998); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991)

1  Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001).

2  Here, the court finds that Indemnity has failed to meet its burden of establishing a
3  basis for federal jurisdiction.  The U.C. Regents is an arm of the State of California.
4  Armstrong v. Meyers, 964 F.2d 948, 949 (9th Cir. 1992).  As an "alter ego" of the State of
5  California, the U.C. Regents cannot be considered a "citizen of" the State of California for
6  purposes of diversity jurisdiction.

7  Accordingly, the court finds that the action must be remanded to the Alameda
8  County Superior Court.[2]  The date for the hearing on the motion, previously set for
9  Wednesday, August 15, 2007, is VACATED.

11  **IT IS SO ORDERED.**

12  Dated: August 3, 2007

13  _____
PHYLLIS J. HAMILTON
United States District Judge

---

[2] Indemnity also seeks an order transferring venue to the Central District of California. In view of the court's finding that it lacks subject matter jurisdiction over this action, the motion to transfer is DENIED as moot.

2