Michael P. O'Bresly SBN 165512
LAW OFFICE OF MICHAEL P. O'BRESLY
1300 Clay Street, 11th Floor
Oakland, California 94612
Tel: (510) 350-8332
Fax: (510) 255-2600

Attorney for Plaintiff
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DOES 1 TO 20,<br><br>Defendants. | Case No.: C 07 2721 PJH<br><br>**NOTICE OF MOTION AND MOTION BY THE REGENTS OF THE UNIVERSITY OF CALIFORNIA FOR ATTORNEYS FEES AND COSTS INCURRED IN CONNECTION WITH REMOVAL [28 U.S.C. § 1447(c)]; MEMORANDUM OF POINTS AND AUTHORITIES; FILED CONCURRENTLY WITH DECLARATION OF MICHAEL P. O'BRESLY AND PROPOSED ORDER**<br><br>**Hearing Date:** September 26, 2007<br>**Time:** 9:00 a.m.<br>**Courtroom:** 3<br><br>**Assigned to the Honorable Phyllis J. Hamilton** |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that the Regents of the University of California hereby move the court for an order of attorneys fees and costs incurred in connection with the removal of this

1  matter from state to federal court, pursuant to 28 U.S.C. § 1447(c).  The motion will be based

2  upon the contents of this Notice, the accompanying Memorandum of Points and Authorities, and

3  the accompanying Declaration of Michael P. O'Bresly.  A Proposed Order is also filed and

4  served herewith.  The hearing on this matter shall be held September 26, 2007, at 9:00 a.m., in

5  Courtroom 3 of the United States District Court, Federal Building, 450 Golden Gate, San

6  Francisco California, before the Honorable Phyllis J. Hamilton.

7  Dated:  August 20, 2007                                        */S/ Michael P. O'Bresly*

8

9                                                                                 Michael P. O'Bresly

## MEMORANDUM OF POINTS AND AUTHORITIES

This action was filed in the Alameda Superior Court by plaintiff, Regents of the University of California.  On or about May 23, 2007, defendant Indemnity Insurance Company of America ("Indemnity") filed a Notice of Removal of the matter to this Court.  On June 5, 2007, Indemnity moved this court for an order transferring the matter to the Central District of California under 28 U. S. C. Section 1404.

On July 11, 2007, the Regents filed a Motion to Remand the matter to state court.  On August 3, 2007, following briefing, this Court granted the Regents' Motion without oral argument.  Indemnity's motion to transfer was ordered off calendar as moot.

The Regents now request that this Court order indemnity to reimburse Regents for its attorneys fees and costs incurred as a result of Indemnity's improvident removal of the matter.

### I.   THIS COURT HAS AUTHORITY TO AWARD ATTORNEYS FEES AND COSTS.

28 U.S.C. § 1447(c) provides in pertinent part:

> An order remanding the case may require payment of just cost and any actual expenses, including attorney's fees, incurred as a result of the removal.

The District Court may entertain a motion for fees and costs after the remand order has been signed and entered.  *Moore v. Permanente Medical Group, Inc.* (9th Cir. 1992) 981 F.2d 443, 445.

### II.   THE REMOVAL OF THIS MATTER WAS NOT "OBJECTIVELY REASONABLE."

The United States Supreme Court has held that 28 U.S.C. § 1447(c) sets forth a discretionary basis for awarding of costs and fees.  Costs and fees are awardable where there was no "objectively reasonable" basis for removal.  *Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, .

The basis for the Regents' challenge was the lack of this Court's subject matter jurisdiction over the matter, due to lack of diversity of citizenship. The Regents argued that under existing case law, it is not a "citizen" of the state of California, rather it is an "arm" or "instrumentality" of the state of California. The Regents primarily relied on established precedents from the Ninth Circuit and other circuits holding that (1) "instrumentalities" of state governments are not "citizens" for purposes of the diversity statute; (2) the Regents have long been held an "arm" or "instrumentality" of the state, e.g. for 11th Amendment immunity purposes, and (3) the analysis for determining whether a state agency is an "arm or instrumentality" for 11th Amendment purposes is the same as or functionally equivalent to that analysis under the diversity statute.

This position was explained to Indemnity in a letter dated June 22, 2007, 19 days before the motion was filed, wherein counsel for Regents transmitted a draft of the remand argument and cited most of the case authority which was ultimately presented to the Court on the Remand Motion. (See accompanying declaration of Michael P. O'Bresly at Ex. A).

In its opposition papers, Indemnity devoted the first section of its brief to rebutting an argument which was not actually presented. (See Regents' Reply Brief [Docket No. 27] at 2:4 to 3:2) In reaching the Regents' argument, Indemnity cited to and relied upon case law which in fact supported an essential element of the Regents' argument. (Id., at 3:5.) Indemnity cited to certain statutory authorities as evidence that the Regents were not the alter ego of the state, but failed to note that this same argument had been specifically rejected in a 1981 published district court decision. (Id. at 3:14 to 4:13.)

In sum, adequate research into the asserted basis for federal jurisdiction would have led a reasonable litigant to conclude that removal was inappropriate.[1] Although Indemnity's subjective knowledge of the error may not be relevant under the "objectively reasonable"

---

[1] For instance, cases finding that there is no diversity as against agencies subject to 11th amendment immunity are discussed in the Rutter Practice Guide on Federal Civil Procedure Before Trial, at ¶2:252.2.

**MOTION BY THE REGENTS OF THE UNIVERSITY OF CALIFORNIA FOR ATTORNEYS FEES AND COSTS INCURRED IN CONNECTION WITH REMOVAL [28 U.S.C. § 1447(c)]**
<u>Regents v. Indemnity Insurance Company</u>, USDC N. D. Cal. C 07-02721 PJH
Page 4 of 6

standard, nonetheless it is noteworthy for purposes of this Court's exercise of discretion that Indemnity was given ample opportunity to reconsider its removal and agree to remand, yet persisted with its effort to maintain jurisdiction in this Court.

### III.  THE REGENTS HAVE INCURRED COSTS AND ATTORNEYS FEES AS A RESULT OF THE REMOVAL OF THIS MATTER

As detailed in the accompanying Declaration of Michael P. O'Bresly, the Regents have incurred 24 hours of attorney time in researching and drafting the moving and reply papers on the motion to remand. The value of this time at the agreed billing rates for the attorneys involved is $3,147.50.[2]  This is based on an imminently reasonable fee structure for the Bay Area market and is a very reasonable fee for this work. (See accompanying Declaration of Michael P. O'Bresly.)

Additionally, the Regents incurred 11.5 hours of attorney time, representing $1,681.50 in incurred costs, in opposing the motion to transfer venue.[3]  Insofar as the motion to transfer would not have been filed but for being in federal court, the Regents submit that these costs are appropriately awarded as being a "result" of the improper removal.  See Braco v. MCI Worldcom Communs., Inc. (C. D. Cal. 2001) 138 F. Supp. 2d 1260, 1271.

Additionally, the Regents incurred $56.50 in messenger costs to deliver chambers copies of pleadings, pursuant to local rule.

Accordingly, Regents respectfully request that the Court award it attorney's fees and costs, in the amount of $5,155.50.

Dated:  August 20, 2007

/s/ Michael P. O'Bresly
_____
Michael P. O'Bresly

---

[2] Of this amount, $1,845 was subject to a fee cap under a capped hourly/contingency billing arrangement, and thus not actually paid out of pocket by the Regents.  Nonetheless, the value of all of this time may be awarded as "incurred" fees and costs.   See Gotro v. R&B Realty Group  (9th Cir. 1995) 69 F. 3d 1485, 1488.

[3] Again, approximately $900 of this amount is not actually paid out of pocket by the Regents but was "incurred" as defined under the Gotro decision.

**MOTION BY THE REGENTS OF THE UNIVERSITY OF CALIFORNIA FOR ATTORNEYS FEES**
**AND COSTS INCURRED IN CONNECTION WITH REMOVAL [28 U.S.C. § 1447(c)]**
Regents v. Indemnity Insurance Company, USDC N. D. Cal. C 07-02721 PJH

## CERTIFICATE OF SERVICE

I, Michael P. O'Bresly, certify that on the 20th day of August, 2007, I caused to be transmitted to counsel of record for Indemnity Insurance Company a true copy of the foregoing document via e-mail.

/s/ *Michael P. O'Bresly*

Michael P. O'Bresly