Michael P. O'Bresly SBN 165512
LAW OFFICE OF MICHAEL P. O'BRESLY
1300 Clay Street, 11th Floor
Oakland, California 94612
Tel: (510) 350-8332
Fax: (510) 255-2600

Attorney for Plaintiff
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DOES 1 TO 20,<br><br>Defendants. | Case No.: C 07 2721 PJH<br><br>**DECLARATION OF MICHAEL P. O'BRESLY IN SUPPORT OF REGENTS' MOTION FOR ATTORNEYS FEES AND COSTS INCURRED IN CONNECTION WITH REMOVAL**<br><br>Hearing Date:  September 26, 2007<br>Time:  9:00 a.m.<br>Courtroom:  3<br><br>**Assigned to the Honorable Phyllis J. Hamilton** |

I, MICHAEL P. O'BRESLY, declare:

1. I am an attorney duly licensed to practice before this Court and the Courts of the State of California. I am counsel of record for the plaintiff, Regents of the University of California, and make the statements herein from my own personal knowledge.

2. Attached hereto as Exhibit A is a true and accurate copy of a letter which I caused to be sent to counsel for Indemnity Insurance Company of America on June 22, 2007, with the attachment thereto.

3. As a result of the removal of this matter to this Court, my client Regents of the University of California has incurred fees and costs as follows:

(a) In connection with the motion to remand the matter to state court, including the initial research, drafting and client consultations on the motion itself and the research and preparation of the reply brief, my firm incurred 24 of attorney time.

(b) My rates for this client are $150 and $135 per hour, for my work and the work of another lawyer. The rates for our work are very reasonable for counsel with similar experience and backgrounds in the Bay Area. I have been practicing law for over 15 years. Prior to opening my own practice, I was an associate then partner with a local law firm in San Francisco, and later counsel with a national law firm in its San Francisco office, during which time I practiced almost exclusively in the area of litigation in state and federal courts. I am admitted to practice before the state courts of California, Virginia and Nevada, as well as the Ninth Circuit Court of Appeal. For approximately the last seven years have concentrated on litigating matters involving insurance coverage questions.

(c) My billing arrangement for this matter entails a cap on fees calculated on an hourly basis, above which the fee is based on a percentage of recovery. Thus, although 24 hours of time was incurred on the motion to remand, a total of $1,572.50 was paid by my client in connection with the motion to remand.

(d) Similarly, the opposition to the motion to transfer venue to the Central District resulted in 11.5 hours of attorney time being incurred, or $1,681.50 in incurred fees. As above, $781.50, or 5.5 hours, has been paid by the Regents under the cap/contingency arrangement.

(e) Finally, my client incurred $56.90 in messenger charges for the delivery of Chambers copies of its papers in opposition to the motion to transfer as required by Local Rule. All costs of this nature are billed to and paid by the client.

1  I make the foregoing statements under penalty of perjury under the laws of the State of
2  California. Executed this 20th day of August, 2007.

*[signature]*

Michael P. O'Bresly, Declarant

CERTIFICATE OF SERVICE

I, Michael P. O'Bresly, certify that on the 20th day of August, 2007, I caused to be transmitted to counsel of record for Indemnity Insurance Company a true copy of the foregoing document via e-mail.

/s/ *Michael P. O'Bresly*

Michael P. O'Bresly

---

DECLARATION OF MICHAEL P. O'BRESLY IN SUPPORT OF REGENTS' MOTION FOR ATTORNEYS FEES AND COSTS INCURRED IN CONNECTION WITH REMOVAL
Regents v. Indemnity Insurance Company, USDC N. D. Cal. C 07-02721 PJH
Page 3 of 3

Declaration of Michael P. O'Bresly
August 20, 2007
Case No. C 07 2721 PJH

# EXHIBIT A

## Michael P. O'Bresly
LAW OFFICE OF MICHAEL P. O'BRESLY

1300 Clay Street 11th Floor  
P. O. Box 72351  
Oakland CA 94612  

Tel: (510) 350-8332  
Fax: (510) 225-2600  
Email: mobresly@obreslylawfirm.com

Also Admitted in Nevada

June 22, 2007

**Via Facsimile**

Michael C. Phillips  
Anderson, McPharlin & Conners LLP  
444 South Flower Street, Thirty-First Floor  
Los Angeles CA 90071-2901

Re:   Regents of the Univ. of Ca. v. Ins. Indemnity Company of No. America

Dear Mr. Phillips:

The Regents request that Indemnity Insurance Company stipulate to a remand to state court, on the grounds that the United States District Court lacks subject matter jurisdiction over this case. The Regents is not a "citizen" of the State of California for purposes of the diversity jurisdiction statute. Rather, the Regents is an arm of the State of California, as has been held in numerous federal decisions. A state is not a "citizen" for purposes of the diversity statute. Attached to this letter is a rough outline of a motion to remand which lays out the essential analysis for your consideration.

If you wish to have a remand motion go forward, I request that you agree to continue the hearing on your motion to transfer venue, so that both the motion to remand and the motion to transfer venue can be heard at the same time.

Also please note my new mailing address, above, for your records. Phone, fax and email are unchanged.

Very truly yours,

*[signature]*

Michael P. O'Bresly

### DIVERSITY JURISDICTION DOES NOT EXIST BECAUSE THE REGENTS OF THE UNIVERSITY OF CALIFORNIA IS NOT A "CITIZEN" OF THE STATE OF CALIFORNIA. THE CASE SHOULD BE REMANDED TO STATE COURT.

Indemnity Insurance Company removed this action to federal court from the California Superior Court on the basis of diversity jurisdiction. Diversity jurisdiction is conferred by 28 U.S.C. §1332, which provides, in relevant part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, and is between: *citizens* of different states . . . ."

The party invoking diversity jurisdiction must establish sufficient facts to warrant its exercise. *Gibbs v. Buck*, 307 U.S. 66, 69; *Bank One, Texas N.A. v. Montle*, 964 F.2d 48. 50 (1st Cir. 1992). Section 1332 is strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). When lack of subject matter jurisdiction is raised in diversity cases, the burden of proving all jurisdictional facts rests on the party seeking jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Moreover, when a state case has been removed to federal court and diversity jurisdiction is challenged, all doubts should be resolved in favor of remand to the state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

Defendant Indemnity Insurance Company improperly removed the matter by simply presuming that the Regents was a California citizen for purposes of the diversity jurisdiction statute, 28 U.S. C. §1332. In fact, the Regents is not a "citizen" of the State of California – the Regents *is* the State of California. As such, the requirements of diversity jurisdiction are not met and this Court lacks the power to adjudicate this matter.

The United Supreme Court has recognized that a state itself is not a "citizen" of a state so as to confer diversity jurisdiction. Moreover, if a state agency or governmental body is an "arm of the state," then the state agency is also not a "citizen." *Moor v. County of Alameda*, 411 U.S. 693, 717-21 (1973), *overruled on other grounds, Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 696 n. 61 (1978); *see also Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988).

The essential test of whether a state agency or governmental body constitutes a "citizen" of a state for diversity purposes is the same test applied in 11th Amendment challenges to the maintenance of suits against state agencies or bodies in federal court. *American Tobacco*, 168 F.3d at 412; *see also PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.* 81 F.3d 1412, 1417 fn. 2 (5th Cir. 1996); *Tradigrain, Inc. v. Mississippi State Port Authority*, 701 F.2d 1131, 1132 (5th Cir. 1983) ("the analysis of an agency's status is virtually identical whether the case involves determination of immunity under the Eleventh Amendment or a determination of citizenship for diversity jurisdiction"). In *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999), the Eleventh Circuit held that the University of South Alabama was an "alter ego" of the state which was not subject to diversity jurisdiction, expressly finding that the applicable test of whether an agency is an "alter ego" of a state for diversity purposes is the same essential test of whether a governmental body is an alter ego of the state for 11th Amendment purposes. Thus, the analysis of whether the Regents of the University of California may invoke 11th Amendment protections afforded to states is the same inquiry as presented on the question of whether the Regents is the equivalent

of the state rather than a "citizen" of the state for purposes of jurisdiction under 28 U.S.C. §1332.

That inquiry has been made and has been unequivocally answered in the affirmative. In its 1997 decision in *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997), the United States Supreme Court expressly held that the Regents of the University of California is an "arm of the state" for 11th Amendment purposes. The lower courts in the districts of California have similarly held in numerous published decisions that the University of California constitutes an "arm of the state" or an "alter ego" of the State of California for 11th Amendment purposes. *Vaughn v. Regents of the University of California*, 504 F. Supp. 1349, 1353 n.5 (E.D. Cal. 1981); *see also Competitive Technologies v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1133 (N.D. Cal. 2003).

> On balance, the court remains of the opinion that the three factors discussed supra tip the scale in favor of a finding that the State of California is the real party in interest in the case sub judice. The court thus concludes that the Regents and the individual defendants sued in their official capacities are entitled to invoke the Eleventh Amendment immunity.

*Vaughn*, 504 F. Supp. at 1354 (approving *Selman v. Harvard Medical School*, 494 F. Supp. 603, 615-16 (S.D.N.Y. 1980) (Regents is an agency of the State of California entitled to invoke Eleventh Amendment immunity); *see also Stones v. Los Angeles Community College Dist.*, 572 F. Supp. 1072, 1976-78 (C.D. Cal. 1983) (California Constitution creates state university and educational system, and education of the public is a non-delegable state duty).

These decisions compel the conclusion that Regents is not a "citizen" for purposes of the diversity statute. This case was improperly removed to federal court on the basis

of diversity jurisdiction. Lacking jurisdiction over this matter, this court should unquestionably remand the matter to the Superior Court of California for adjudication.