1 | MICHAEL C. PHILLIPS APC (Bar No. 48473)
　　mcp@amclaw.com
2 | PAULA G. TRIPP (Bar No. 113050)
　　pgt@amclaw.com
3 | ROSA MARTINEZ-GENZON (Bar No. 229081)
　　rmg@amclaw.com
4 | ANDERSON, McPHARLIN & CONNERS LLP
Thirty-First Floor
5 | 444 South Flower Street
Los Angeles, California  90071-2901
6 | TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

7 | Attorneys for Defendant INDEMNITY INSURANCE
COMPANY OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DOES 1 TO 20,<br><br>　　　　　Defendant. | Case No. C 07-2721 PJH<br><br>**DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS; DECLARATION OF PAULA G. TRIPP AND EXHIBIT IN SUPPORT THEREOF**<br><br>DATE:　　September 26, 2007<br>TIME:　　9:00 a.m.<br>CRTRM.:　3<br><br>Trial Date:　　　　　　None |
|---|---|

Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ("INDEMNITY") hereby files its opposition to THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S (The "REGENTS") Motion for Attorneys' Fees and Costs Incurred in Connection with Removal [28 U.S.C. §1447(c)] on the grounds that such an award would not be just because (1) INDEMNITY had objectionably reasonable grounds to believe that removal was proper and (2) the request by The REGENTS for an award of costs and fees in the amount of $5,155.50 is excessive.

/ / /
/ / /

645252.1 5494.127　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　C 07-2721 PJH

## I. NO AWARD OF ATTORNEYS' FEES AND COSTS SHOULD BE GRANTED TO PLAINTIFF BECAUSE INDEMNITY HAD OBJECTIONABLY REASONABLE GROUNDS TO BELIEVE THAT REMOVAL WAS PROPER.

28 U.S.C. § 1447 (c) states "an order remanding a case *may* require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." (Emphasis added.) Thus, an award of attorneys' fees and costs pursuant to this statute is not mandatory. The Supreme Court has held that the granting of the award turns on the reasonableness of the removal. *Martin v. Franklin Capital Corporation* (2005) 546 U.S. 132, 141. In the *Martin* case, the Supreme Court stated "absent unusual circumstances, a court will not impose an award of attorneys' fees and expenses upon the removing party where that party had objectively reasonable grounds to believe that removal was legally proper." *Id.*

Thus, the application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. The question of whether or not to award costs and fees lies within the sound discretion of the trial judge who may take into account the particular circumstances of the case and the legal issues involved." *Schrader v. Hamilton* (C.D. Cal. 1997) 959 F. Supp. 1205, 1212. The court should evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper. "The propriety of the defendant's removal continues to be central in determining whether to impose fees." *Miranti v. Leei* (5th Cir. 1993) 3 F.3d 925, 928; *see also Daleske v. Fairfield Communities, Inc.* (10th Cir. 1994) 17 F.3d 321 (declining to award fees on conclusion that defendant had legitimate basis for believing district court had jurisdiction); *Schmitt v. Ins. Co. of N.Am.* (9th Cir. 1988) 845 F.2d 1546, 1552 (holding fees to be inappropriate where removal was "fairly supportable"); *Morgan Guar. Trust Co. of N.Y. v. Palau* (1992) 971 F.2d 917, 923 (awarding fees only after finding fault with defendant's tactics).

In the present matter, although ultimately unsuccessful, INDEMNITY's removal based on diversity jurisdiction had an objectionably reasonable basis. As noted by INDEMNITY in its notice of removal and opposition papers to the motion to remand, INDEMNITY removed this case

645252.1 5494.127

2

C 07-2721 PJH

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS; DECLARATION OF PAULA TRIPP

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

to the Northern District based on its argument that The REGENTS was a citizen of the state of California, and not an arm of the state. In support of its argument, INDEMNITY analyzed and cited to case law which indicated that The REGENTS could not assert its status as an arm of the State of California to defeat diversity jurisdiction where The REGENTS had voluntarily chosen to prosecute a claim as a plaintiff state.

The courts have held that the essential test to determine whether a state agency or governmental body constitutes a "citizen" of a state for diversity purposes is the same test that applies in 11th amendment challenges to the maintenance of suit against state agencies. (*See University of South Alabama v. American Tobacco Co.* (11th Cir. 1999) 168 F.3d 405, 412.) In the case of *California ex rel Lockyer v. Dynegy, Inc.* (2004) 375 F.3d 831, which is cited to and analyzed in INDEMNITY's opposition, the court held that the protections of the Eleventh Amendment do not apply to a state that voluntarily brings suit as a plaintiff in state court. (*Id.* at 848.) The *Dynegy* court noted, it is long settled…that although a state may not be sued without its consent, the protections of the Eleventh Amendment are privileges which may be waived. (*See Id.*) Based on this reasoning, INDEMNITY asserted that The REGENTS could not assert its status as an arm of the state of California to defeat diversity jurisdiction when it voluntarily and consciously prosecuted an action against INDEMNITY. Clearly the cases cited by INDEMNITY implied that a plaintiff state should be treated differently when asserting jurisdictional challenges, and thus, INDEMNITY made a reasonable argument as to why The REGENTS could not defeat diversity jurisdiction in this instance. For these reasons, an award of attorneys' fees and expenses in this matter would not be just.

Moreover, The REGENTS can hardly argue that INDEMNITY lacked an objectively reasonable basis for removal, and in the same breath argue that its counsel reasonably required 24 attorney hours to prepare and argue its motion for remand. Had INDEMNITY truly had no reasonable ground for seeking removal, then The REGENTS' counsel would not have spent almost three days of attorney time preparing the motion to remand.

/ / /

/ / /

## II. THE REGENTS' REQUEST FOR ATTORNEYS FEES AND EXPENSES IN THE AMOUNT OF $5,155.50 IS EXCESSIVE AND SHOULD BE DENIED.

In the event this Court finds that INDEMNITY's basis for removal was not objectionably reasonable and that an award of attorneys' fees and expenses is just pursuant to the circumstances of the case, INDEMNITY nonetheless asserts that The REGENTS' request of $5,155.50 is excessive and that an award of the full amount requested would not be just. The REGENTS' simply cannot justify spending 24 hours on the motion to remand when counsel for The REGENTS' forwarded a previously drafted version of the remand motion to INDEMNITY'S counsel while the parties were still in negotiations regarding venue and jurisdiction. (See declaration of Paula G. Tripp, ¶ 3.) This amount of time is simply excessive on its face and therefore should be reduced to a more reasonable number. The courts have made it clear that §1447(c) is not a sanctions rule. *Tenner v. Zurek* (7th Cir. 1999) 168 F.3d 328, 329-30. A prevailing party is simply entitled to just costs.

Additionally, The REGENTS are clearly not entitled to $1,681.50 for work done in opposition to INDEMNITY'S motion to transfer. The REGENTS claims that the motion to transfer "would not have been filed but for being in federal court" and, therefore, its costs are a "result" of the removal. This statement is simply not supported by the evidence. In fact, INDEMNITY currently has reserved a hearing date in the County of Alameda for its motion to transfer, which is set to be heard October 29, 2007. (Tripp declaration, ¶ 5.)

Moreover, had The REGENTS been reasonable, all attorneys' fees and costs incurred in connection with the motion to remand and transfer venue could have been avoided. Prior to filing the motion, although INDEMNITY believed it had a strong basis to oppose the motion to remand, it realized there was a possibility the motion to remand would be granted and, therefore, suggested to The REGENTS' counsel that perhaps the best solution would be for the parties to compromise, i.e., INDEMNITY would agree this action could remain in state court if The REGENTS agreed the venue would be Orange County. The REGENTS refused this offer, thereby requiring INDEMNITY to oppose the motion to remand and proceed with its motion to transfer venue. While The REGENTS certainly had the right to refuse INDEMNITY's proposed compromise, it

645252.1 5494.127

4

C 07-2721 PJH

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS; DECLARATION OF PAULA TRIPP

would still have had to oppose the motion to transfer in state court and could have avoided the law and motion expense completely. It is simply unjust to allow The REGENTS to be rewarded for its unwillingness to compromise when the action will still likely be transferred to Orange County.

### III. CONCLUSION

Based on the foregoing, it would not be just, pursuant to 28 U.S.C. § 1447(c), to award The REGENTS attorneys' fees and expenses when INDEMNITY had an objectionably reasonable basis for removal. Accordingly, INDEMNITY respectfully requests that the instant motion be denied. In the alternative, in the event the Court is inclined to order that some amount be paid to The REGENTS, INDEMNITY respectfully requests that the Court reduce the award to an amount that is reflective of a reasonable amount of time relating solely to the motion to remand. INDEMNITY contends that no more than ten hours is reasonable.

DATED: September 5, 2007     ANDERSON, McPHARLIN & CONNERS LLP

By: /s/ Rosa Martinez-Genzon
    Michael C. Phillips APC
    Paula G. Tripp
    Rosa Martinez-Genzon
Attorneys for Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213)688-0080 • FAX (213)622-7594

645252.1 5494.127                 5                    C 07-2721 PJH
DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS; DECLARATION OF PAULA TRIPP

## DECLARATION OF PAULA G. TRIPP

I, Paula G. Tripp, hereby declare as follows:

1. I am an attorney-at-law duly licensed to practice before all courts in the State of California and am a partner with the law firm of Anderson, McPharlin & Conners LLP, attorneys of record for defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICAN ("INDEMNITY") in the above-entitled action.

2. I have personal knowledge of the matters set forth herein, and if called upon as a witness to testify thereto, I could and would competently do so.

3. On June 22, 2007, Michael O'Bresly, attorney for The REGENTS, sent a draft motion for remand asking us to consider stipulating to the remand of this case. A true and correct copy of Mr. O'Bresly's letter to our firm is attached hereto as **Exhibit A**.

4. After receiving Mr. O'Bresly's draft of the motion to remand and after having researched the authorities he provided in addition to others we located in support of this court having jurisdiction, I discussed the matter with my client to determine whether we would stipulate to the case being remanded to state court. Although I believed we had a strong argument to make that the authorities cited by The REGENTS were not persuasive because they all involved cases where the "state agency" was a defendant, not a plaintiff as The REGENTS is in this action, I still understood that there was a risk that the case would be remanded. As a result of the potential risk and knowing that we believed the proper venue for this case was Orange County, not Alameda County, I proposed a compromise that INDEMNITY would agree to the remand if The REGENTS agreed that the action could be transferred to Orange County. I was informed by Mr. O'Bresly during the week of July 9th that his client would not so stipulate and he proceeded with filing his motion to remand.

5. Regardless of the fact that this action has now been remanded, we still contend that the proper venue for this action is in Orange County. Accordingly, INDEMNITY currently has reserved a hearing date in the County of Alameda for its motion to transfer, which motion is set to be heard on October 29, 2007 in Department 19.

I declare under penalty of perjury under the laws of the State of California and the United

645252.1 5494.127

6

C 07-2721 PJH

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS; DECLARATION OF PAULA TRIPP

1  States that the foregoing is true and correct. Executed this __5th__ day of September 2007, at Los
2  Angeles, California.

_____
Paula G. Tripp

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

645252.1 5494.127

7

C 07-2721 PJH

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS; DECLARATION OF PAULA TRIPP

# EXHIBIT A

## Michael P. O'Bresly
LAW OFFICE OF MICHAEL P. O'BRESLY

1300 Clay Street 11th Floor
P. O. Box 72351
Oakland CA 94612

Tel: (510) 350-8332
Fax: (510) 225-2600
Email: mobresly@obreslylawfirm.com

Also Admitted in Nevada

June 22, 2007

**Via Facsimile**

Michael C. Phillips
Anderson, McPharlin & Conners LLP
444 South Flower Street, Thirty-First Floor
Los Angeles CA 90071-2901

Re:   Regents of the Univ. of Ca. v. Ins. Indemnity Company of No. America

Dear Mr. Phillips:

The Regents request that Indemnity Insurance Company stipulate to a remand to state court, on the grounds that the United States District Court lacks subject matter jurisdiction over this case. The Regents is not a "citizen" of the State of California for purposes of the diversity jurisdiction statute. Rather, the Regents is an arm of the State of California, as has been held in numerous federal decisions. A state is not a "citizen" for purposes of the diversity statute. Attached to this letter is a rough outline of a motion to remand which lays out the essential analysis for your consideration.

If you wish to have a remand motion go forward, I request that you agree to continue the hearing on your motion to transfer venue, so that both the motion to remand and the motion to transfer venue can be heard at the same time.

Also please note my new mailing address, above, for your records. Phone, fax and email are unchanged.

Very truly yours,

Michael P. O'Bresly

**DIVERSITY JURISDICTION DOES NOT EXIST BECAUSE THE REGENTS OF THE UNIVERSITY OF CALIFORNIA IS NOT A "CITIZEN" OF THE STATE OF CALIFORNIA. THE CASE SHOULD BE REMANDED TO STATE COURT.**

Indemnity Insurance Company removed this action to federal court from the California Superior Court on the basis of diversity jurisdiction. Diversity jurisdiction is conferred by 28 U.S.C. §1332, which provides, in relevant part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, and is between: *citizens* of different states . . . ."

The party invoking diversity jurisdiction must establish sufficient facts to warrant its exercise. *Gibbs v. Buck*, 307 U.S. 66, 69; *Bank One, Texas N.A. v. Montle*, 964 F.2d 48. 50 (1st Cir. 1992). Section 1332 is strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). When lack of subject matter jurisdiction is raised in diversity cases, the burden of proving all jurisdictional facts rests on the party seeking jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Moreover, when a state case has been removed to federal court and diversity jurisdiction is challenged, all doubts should be resolved in favor of remand to the state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

Defendant Indemnity Insurance Company improperly removed the matter by simply presuming that the Regents was a California citizen for purposes of the diversity jurisdiction statute, 28 U.S.C. §1332. In fact, the Regents is not a "citizen" of the State of California – the Regents *is* the State of California. As such, the requirements of diversity jurisdiction are not met and this Court lacks the power to adjudicate this matter.

The United Supreme Court has recognized that a state itself is not a "citizen" of a state so as to confer diversity jurisdiction. Moreover, if a state agency or governmental body is an "arm of the state," then the state agency is also not a "citizen." *Moor v. County of Alameda*, 411 U.S. 693, 717-21 (1973), *overruled on other grounds*, *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 696 n. 61 (1978); *see also Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988).

The essential test of whether a state agency or governmental body constitutes a "citizen" of a state for diversity purposes is the same test applied in 11th Amendment challenges to the maintenance of suits against state agencies or bodies in federal court. *American Tobacco*, 168 F.3d at 412; *see also PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.* 81 F.3d 1412, 1417 fn. 2 (5th Cir. 1996); *Tradigrain, Inc. v. Mississippi State Port Authority*, 701 F.2d 1131, 1132 (5th Cir. 1983) ("the analysis of an agency's status is virtually identical whether the case involves determination of immunity under the Eleventh Amendment or a determination of citizenship for diversity jurisdiction"). In *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999), the Eleventh Circuit held that the University of South Alabama was an "alter ego" of the state which was not subject to diversity jurisdiction, expressly finding that the applicable test of whether an agency is an "alter ego" of a state for diversity purposes is the same essential test of whether a governmental body is an alter ego of the state for 11th Amendment purposes. Thus, the analysis of whether the Regents of the University of California may invoke 11th Amendment protections afforded to states is the same inquiry as presented on the question of whether the Regents is the equivalent

of the state rather than a "citizen" of the state for purposes of jurisdiction under 28 U.S.C. §1332.

That inquiry has been made and has been unequivocally answered in the affirmative. In its 1997 decision in *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997), the United States Supreme Court expressly held that the Regents of the University of California is an "arm of the state" for 11th Amendment purposes. The lower courts in the districts of California have similarly held in numerous published decisions that the University of California constitutes an "arm of the state" or an "alter ego" of the State of California for 11th Amendment purposes. *Vaughn v. Regents of the University of California*, 504 F. Supp. 1349, 1353 n.5 (E.D. Cal. 1981); *see also Competitive Technologies v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1133 (N.D. Cal. 2003).

> On balance, the court remains of the opinion that the three factors discussed supra tip the scale in favor of a finding that the State of California is the real party in interest in the case sub judice. The court thus concludes that the Regents and the individual defendants sued in their official capacities are entitled to invoke the Eleventh Amendment immunity.

*Vaughn*, 504 F. Supp. at 1354 (approving *Selman v. Harvard Medical School*, 494 F. Supp. 603, 615-16 (S.D.N.Y. 1980) (Regents is an agency of the State of California entitled to invoke Eleventh Amendment immunity); *see also Stones v. Los Angeles Community College Dist.*, 572 F. Supp. 1072, 1976-78 (C.D. Cal. 1983) (California Constitution creates state university and educational system, and education of the public is a non-delegable state duty).

These decisions compel the conclusion that Regents is not a "citizen" for purposes of the diversity statute. This case was improperly removed to federal court on the basis

of diversity jurisdiction. Lacking jurisdiction over this matter, this court should unquestionably remand the matter to the Superior Court of California for adjudication.