Michael P. O'Bresly SBN 165512
LAW OFFICE OF MICHAEL P. O'BRESLY
1300 Clay Street, 11th Floor
Oakland, California 94612
Tel: (510) 350-8332
Fax: (510) 255-2600

Attorney for Plaintiff
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, DOES 1 TO 20,<br><br>Defendants. | Case No.: C 07 2721 PJH<br><br>**MEMORANDUM IN REPLY TO INDEMNITY'S OPPOSITION TO MOTION BY THE REGENTS FOR ATTORNEYS FEES AND COSTS INCURRED IN CONNECTION WITH REMOVAL [28 U.S.C. § 1447(c)]**<br><br>**Hearing Date:** October 24, 2007<br>**Time:** 9:00 a.m.<br>**Courtroom:** 3<br><br>**Assigned to the Honorable Phyllis J. Hamilton** |

The Regents of the University of California offer a few brief points in reply to Indemnity's opposition to the Regents' motion for fees and costs incurred as a result of the removal of this action to this Court.

First, counsel's argument concerning Indemnity's offer to "make a deal" to remand the case in exchange for a transfer to Orange County, to the extent that it is even relevant, does not demonstrate that the removal was objectively reasonable. That issue is determined by the established case law and authorities. The fact that

this Court did not need to hear oral argument on the remand motion underscores that the issue was clear-cut. Unfortunately, removal carried with it the risk of liability for costs if Indemnity's position was erroneous. Regents gave Indemnity the opportunity to get out from under that risk, which it opted not to do.[1]

Second, Indemnity's argument that the fees requested are "excessive" is based in part on a misstatement of the grounds for the request. To clarify, the fees requested were incurred in connection with three main tasks: (1) preparing the motion for remand, including the time spent in conducting the research, communicating with and advising the client, and drafting the memorandum and the supporting pleadings; (2) preparing the reply memorandum in response to Indemnity's opposition on that motion; and (3) preparing the opposition to Indemnity's motion to transfer under 28 U. S. C. Section 1404. The hours and fees associated with these tasks on these motions are broken out in the declaration filed with the moving papers. It was not, as Indemnity suggests, all devoted to drafting the motion to remand.

More importantly, the issue is not the number of hours spent but the dollars incurred in the effort. Regents respectfully submits that in light of today's prevailing rates among many of the civil litigators representing corporate or business clients before this court, which can exceed $300 per hour or more, to get these papers done properly for a little over $5,000 is imminently reasonable.

Third, Indemnity challenges the Regents' contention that the time to prepare the opposition to the motion to transfer was "the result of" the improvident removal for purposes of this fee-shifting statute. However, the simple fact is that we would not have had to oppose the transfer motion in federal court had

---

[1] Just to note, the Regents firmly believe that the motion to transfer under 28 U.S.C. Sec. 1404 was without merit.

**REPLY TO OPPOSITION TO MOTION BY THE REGENTS FOR ATTORNEYS FEES AND COSTS INCURRED IN CONNECTION WITH REMOVAL [28 U.S.C. § 1447(c)]**
Regents v. Indemnity Insurance Company, USDC N. D. Cal. C 07-02721 PJH
Page 2 of 4

1  Indemnity not removed the case in the first place.  Indemnity contends that it
2  would have filed the transfer motion anyway, noting that it has reserved a date in
3  the superior court for a motion under the provisions of the California Code of Civil
4  Procedure.  However, this only means that the Regents will be opposing <u>another</u>
5  transfer motion, this time in the state court.  So, actually, Regents has to do this
6  twice.  Clearly, Regents would not have had to respond to a venue challenge twice,
7  under both federal and state standards, but for the fact that Indemnity removed the
   action to this court.

      Dated:   October 10, 2007          Respectfully Submitted,
                                                                   THE REGENTS OF THE
                                                                     UNIVERSITY OF CALIFORNIA

                                                                     By: <u>/s/ Michael P. O'Bresly</u>
                                                                          Its Counsel

## CERTIFICATE OF SERVICE

I, Michael P. O'Bresly, certify that on the 10th day of October, 2007, I caused to be transmitted to counsel of record for Indemnity Insurance Company a true copy of the foregoing document via e-mail.

/s/ *Michael P. O'Bresly*

Michael P. O'Bresly